394 A.2d 542

**Barbara PUGAR**

v.

**Domenic GRECO and Ina Brunwasser.**

**Appeal of Ina BRUNWASSER and Barbara Pugar.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1978.

Decided Nov. 18, 1978.

70

Allen N. Brunwasser, Pittsburgh, for appellants.

John M. Silvestri, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Appellants, Ina Brunwasser (Brunwasser) and Barbara Pugar (Pugar), seek to appeal an award by a Board of Arbitrators to the Court of Common Pleas of Allegheny County without first having to pay the costs of arbitration as required by a local rule of court.[1] Their motion for permission so to proceed was denied by the court of common pleas, and the Superior Court quashed as interlocutory their appeal from that order of denial. We granted permission to appeal from the order of the Superior Court,[2] and will affirm that order.

[1]  By their award the arbitrators found that Brunwasser as operator of a motor vehicle belonging to Pugar was liable to Pugar for damages to her car, viz., $127.40. Pugar had originally sued appellee Greco, as operator of another vehicle, to recover this sum, whereupon Greco joined Brunwasser as additional defendant. Pugar as well as Brunwasser have sought to appeal to common pleas court, although it is not clear why it is in the interest of Pugar, the award winner, to do so.

[2]  An appeal was allowed to this Court pursuant to Section 204 of the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, 17 P.S. § 211.204 (Supp. 1978), since superseded by Section 724 of the Judicial Code, 42 Pa. C.S. § 724 (effective June 27, 1978).

Like most counties in Pennsylvania, Allegheny County has availed itself of the Act of 1836, as amended,[3] by providing through local rules of court for compulsory arbitration of disputes in which the amount in controversy does not exceed a stipulated sum ($10,000 in counties of the second class).[4] Appeals from arbitration are provided for in Rule 306 of the Court of Common Pleas of Allegheny County, reproduced in part in the margin.[5] Under the terms of this rule, Brunwas-

3. *See* Act of June 16, 1836, P.L. 715, § 8.1, as amended, 5 P.S. § 30 (Supp. 1978), since superseded by Section 7361 of the Judicial Code, 42 Pa. C.S. § 7361 (effectively June 27, 1978).

4. Rule 301A of the rules of the Court of Common Pleas of Allegheny County provides as follows:

   "A. All civil cases, wherein the amount in controversy (exclusive of interest and costs) shall be Ten Thousand Dollars ($10,000) or less, including all appeals from a civil judgment of an alderman, justice of the peace or magistrate, except those involving title to real estate or actions in equity, or assessment of damages after judgments entered, shall be submitted to and be heard and decided by a Board of Arbitration consisting of three (3) members of the Bar of the Court of Common Pleas to be selected as hereinafter provided. The Prothonotary shall refer directly to a Board of Arbitration only those cases in which the amount in controversy (exclusive of interest and costs) shall be Two Thousand Dollars ($2,000) or less."

   See generally, *Smith Case,* 381 Pa. 223, 112 A.2d 625 (1955).

5. Rule 306 of the Court of Common Pleas of Allegheny County provides in pertinent part:

   "A. Any party may appeal from the action of the Board of Arbitration to the Court of Common Pleas of Allegheny County. The right of appeal shall be subject to the following conditions, all of which shall be complied with within twenty (20) days after the award of the Board is filed with the Deputy Prothonotary for Arbitration.

   "1. The appellant shall pay an appeal fee of Ten and 50/100 ($10.50) Dollars and shall file with the Prothonotary a notice of appeal, and serve a copy thereof upon the adverse party or his counsel; the appellant also shall file an affidavit that the appeal is not taken for delay, but because he believes an injustice has been done; the appellant shall file a recognizance bond with sufficient surety in double the amount of costs likely to accrue conditioned for the payment of all costs that may be legally recovered in such case against the appellant.

   "2. The appellant shall pay all record costs accrued to the time of taking the appeal.

   "3. The appellant shall first repay to the Prothonotary for Arbitration for the use of the county all fees received by the members of the Board of Arbitration in the case in which the

ser and Pugar, in order to perfect their appeal to the court of common pleas, were required to pay $135.55 to the prothonotary of that court, being the sum of all record costs to date and $60 on account of the fees of the arbitrators, the latter item being nonrefundable under the terms of paragraph 3 of local Rule 306. As stated at the outset, the court of common pleas denied the motion [6] of Brunwasser and Pugar for leave to appeal without payment of the arbitration fee and court costs on the ground that the matter was covered by Rule 306, and the Superior Court quashed their appeal to that court. We agree with that action.

■■■ It is, of course, well settled that an appeal will lie only from a final order unless otherwise permitted by statute. *See, e. g., T. C. R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977); *Caplan v. Keystone Weaving Mill,* 431 Pa. 407, 246 A.2d 384 (1968); *Stadler v. Mt. Oliver Borough,* 373

appeal is taken, but not to exceed fifty (50%) of the amount in controversy. The determination of the arbitrators' fees shall be computed by the Prothonotary by dividing the total fees by the number of cases handled by all of the Boards of Arbitration on that day. The sum so paid shall not be taxed as costs in the case and shall not be recoverable by the appellant in any proceeding."
    "B. All appeals shall be de novo."

6. Appellants' motion averred, *inter alia,* the following:
    "15. That in order to take the appeal your petitioners will be required to pay $60.00 arbitration fee which is not recoverable in the event the verdict of the arbitrators is reversed and will also be required to pay a jury fee and docketing costs.
    "16. That, as a result, the costs advanced in order to process the cases are almost equal to the amount involved, $127.40.
    "17. That to require the payment of $60.00, nonreturnable arbitration fee, in order to process to a jury trial or to a Judge trial a case involving $127.40 is a violation of due process of law and also an affirmative discouragement of the right to trial by jury as defined by Article 1, Section 6 of the Pennsylvania Constitution.
    "Stated another way, the costs in this case will deprive your petitioners of the right to a trial by a jury or even the right to have the matter heard by a Judge and thus will also make unavailable the constitutional right to have the court open for the redress of grievances."
    Appellant's "Motion to Allow Appeal Without Payment of Additional Costs" (Record 4a–5a).

Pa. 316, 95 A.2d 776 (1953).[7] A final order is one which usually ends the litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 404, 319 A.2d 677, 678 (1974). In determining what constitutes a final order we have followed the approach of *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), in that we look to "a practical rather than technical construction" of an order. In *Cohen,* the Supreme Court of the United States carved out an exception to the final judgment rule for situations where postponement of appeal until after final judgment might result in irreparable loss of the right asserted. Under *Cohen,* an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *Id.* at 546, 59 S.Ct. at 1226, 93 L.Ed. at 536.

We applied *Cohen* in *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975), where we said: "Whether an order is final and appealable cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." We have also said that if the practical consequence of the order by the trial court is effectively to put an appellant "out of court" the order will be treated as final. *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 463, 246

7. Section 302 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, 17 P.S. § 211.302, since superseded by Judicial Code § 742, 42 Pa. C.S. § 742 (effective June 27, 1978), provides:

"The Superior Court shall have exclusive appellate jurisdiction of all appeals from *final orders* of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." (Emphasis supplied)

A.2d 353, 355 (1968). Similarly, an order is "final" if it precludes a party from presenting the merits of his claim to the lower court. *Marino Estate,* 440 Pa. 492, 494, 269 A.2d 645, 646 (1970).

Application of the criteria of *Cohen* to the case at bar demonstrates its interlocutory nature. The order of the trial court is, indeed, collateral to the basic liability question, and it does involve a right too important to be denied review. The order does not, however, adversely affect a claimed right which will be irreparably lost if review is postponed. Although appellants must in the first instance pay the required amount of costs and fees [8] they do not thereby lose their right to question the validity of the fee payment as a condition to their right to trial *de novo* either at the termination of this proceeding or in a collateral action. The issue is neither waived nor mooted by the inability of appellants to appeal at this stage. Appellants are not "out of court", either on the merits of the automobile accident claim or on the right to jury trial question. Upon payment of the fee and costs appellants' appeal from the adverse arbitrators' award will proceed in the customary manner. If they or either of them should not succeed in that *de novo* trial, the alleged error in requiring the payment of the $60 fee as a condition of the ability to have a jury trial can be raised on appeal in the normal course, along with any other assignments of error. If, however, either appellant or both should prevail in their trial *de novo,* they will not be precluded from seeking the return of the fee from the court, for the ruling on the fee payment will have become a final adverse ruling from which an appeal would then lie. Alternatively, they might choose to proceed by a collateral action. While either method may be more cumbersome for them than it would be if this court were to reach and decide the merits on this present appeal, each alternative would comport with our

8. Appellants do not claim that they are unable to pay, but instead broadly allege that they will be "out of court" if their motion is not granted. The arbitration act, *supra* note 3, 5 P.S. § 72, provides for waiver of the payment of costs upon a finding of indigency by the court. *Compare* the Judicial Code, § 1726, 42 Pa. C.S. § 1726.

policy of discouraging a multiplicity of appeals in a single case, or, as it has sometimes been put, the policy of precluding "piecemeal determinations and the consequent protraction of litigation." *McGee v. Singley,* 382 Pa. 18, 22, 114 A.2d 141, 143 (1955); *Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A.2d 854, 855 (1954).

We have long held that, whenever possible, review must await the determination of a suit notwithstanding any resulting inconvenience to a party. *Keysbey's Trust Estate,* 342 Pa. 439, 444, 20 A.2d 281, 283 (1941); *Miller Paper Co. v. Keystone Coal & Coke Co.,* 275 Pa. 40, 44, 118 A. 565, 567 (1922). Given the fact that appellants' claim is based upon their unwillingness to pay costs and fees, and not upon their inability to pay them, appellants must litigate the negligence claim before pursuing appellate review of their contention that their right to trial by jury has been unjustifiably impaired.

The order of the Superior Court quashing the appeal as interlocutory is affirmed.