436 A.2d 242

**David S. ESH and Mary L. Clinton, Agent**

v.

**Emil AWGLIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Oct. 23, 1981.

Emil Awglis, in pro. per.

Michael J. Minney, Lancaster, did not file a brief on behalf of appellees.

Before CAVANAUGH, DiSALLE and MONTEMURO, JJ.

PER CURIAM:

The appeal is hereby quashed since it is from an interlocutory order.

An appeal to the Superior Court may be taken from final orders; interlocutory orders appealable as of right, Pa.R.A.P. 311; interlocutory orders appealable by statute or general rule, Pa.R.A.P. 311(a)(7); or interlocutory orders appealable by permission, Pa.R.A.P. 1311. See *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977). If the order appealed from in the instant case is not final, the appeal

must be quashed because the order does not fall within any of the other categories which have just been specified.

A final order is one which ends the litigation or disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association of Philadelphia*, 456 Pa. 402, 319 A.2d 677 (1974). An order will also be treated as final if the practical consequence is effectively to put an appellant out of court or if it precludes an appellant from presenting the merits of the claim to the lower court. *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978). The final order rule represents a "policy of precluding 'piecemeal determinations and the consequent protraction of litigation'." *Id.*, 483 Pa. at 75, 394 A.2d at 546.

In the instant case the order appealed from granted plaintiff judgment on the pleadings on one count of a two count complaint and it denied judgment on the pleadings as to count two of the complaint. The order appealed from does *not* end the litigation or dispose of the entire case, nor does it put the appellant out of court; nor does it preclude appellant from presenting the merits of a defense to the lower court. Thus the order is not final. Appellant can still defend the second count of plaintiff's complaint. Moreover, consideration of an analogous situation supports this view.

We have held that an order dismissing some but not all of the counts in a multi-count complaint is interlocutory and is not appealable since appellant is not out of court. *Mitchell v. Center City Cadillac*, 287 Pa.Super. 350, 430 A.2d 321 (1981); *Bagshaw v. Vickers*, 286 Pa.Super. 246, 428 A.2d 664 (1981); *Giannini v. Foy*, 279 Pa.Super. 553, 421 A.2d 338 (1980). This reasoning should also apply when an order grants judgment to the plaintiff on one count of a multi-count complaint; in such a case the defendant is not out of court.

The appeal is hereby quashed since it is from an interlocutory order.