450 A.2d 85

**R. B. EQUIPMENT COMPANY, Appellant,**

v.

**WILLIAMS, SHIELDS, SNYDER & GOAS; Feeser Supply Co.; Shamokin Ready Mix Concrete Co.; Coplay Cement Manufacturing Co.; and Allentown Portland Cement Co., Division of National Gypsum Co.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1981.

Filed Sept. 3, 1982.

32

Bernadette Barattini, Harrisburg, for appellant.

Robert Louis Walsh, Sunbury, for appellees.

Before WICKERSHAM, WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

R. B. Equipment Company, an assignee of a general contractor, filed an eleven count complaint in trespass and assumpsit against various manufacturers and suppliers [1] of allegedly defective cement and concrete used in constructing

1. The named defendants include Feeser Supply Co., Shamokin Ready Mix Concrete Co., Coplay Cement Manufacturing Co. and Allentown Portland Cement Co.

roads, sidewalks, curbing and stairs in a public school project. The complaint contained alternate theories of recovery including breach of contract, breach of implied warranties, and liability under Section 402A of the Restatement (Second) of Torts. Preliminary objections in the nature of a demurrer were sustained to those three counts of the complaint which relied on Section 402A of the Restatement (Second) of Torts because, the trial court held, there were no injuries or damages to third persons and R. B. Equipment Company's claim, if any, was "not cognizable as a products liability claim." R. B. Equipment Company filed the instant appeal. We quash.

It is well established that an order dismissing fewer than all counts of a multi-count complaint is interlocutory and unappealable because the appellant is not out of court. See: *Veno v. Meredith,* 295 Pa.Super. 419, 441 A.2d 1302 (1982); *Johnson v. National Life and Accident Insurance Co.,* 293 Pa.Super. 200, 438 A.2d 1004 (1981); *Stengena v. Madden,* 291 Pa.Super. 364, 435 A.2d 1269 (1981); *Tunstall v. Penn Federal Savings and Loan Association,* 287 Pa.Super. 511, 430 A.2d 1007 (1981); *Mitchell v. Center City Cadillac,* 287 Pa.Super. 350, 430 A.2d 321 (1981); *Giannini v. Foy,* 279 Pa.Super. 553, 421 A.2d 338 (1980).

In the instant case, although preliminary objections were sustained to counts of the complaint setting forth claims under Section 402A of the Restatement, the breach of contract claims for the same damages remain to be determined. It follows that neither appellant nor its damage claim is out of court. Under these circumstances, the order sustaining preliminary objections to the 402A counts of the complaint is clearly interlocutory and unappealable.

The appeal is quashed.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting:

The instant case presents a problem of a complaint sounding in both Assumpsit and Trespass for defective cement

and/or concrete used to improve real property belonging to a school authority. The appellant in the instant matter is the assignee of the original plaintiff, the general contractor. Three of the counts in the complaint averred causes of action sounding in tort under Section 402A of the Restatement of Torts 2d. The lower court dismissed those counts on preliminary objections, with leave to amend complaint, but upon argument, the lower court again dismissed the three counts alleging harm under § 402A. From that decision appeal was taken. The majority has decided to quash the appeal as clearly interlocutory and unappealable. Because I would reach the merits of the question, I respectfully dissent.

Appellees, Feeser Supply Co. and Shamokin Ready Mix Concrete Co., question the right to appeal at this time, stating that the order dismissing the counts in trespass is interlocutory and should not be heard, as the case can continue in the court below on the other counts of the complaint.

The case is obviously not utterly "out of court" as it survives on the assumpsit issues. However, this court does not use such a literal interpretation. In *Commonwealth v. Osatti*, 448 Pa. 72, 74–75, 292 A.2d 313, 315 (1972), the Supreme Court refused to quash an appeal and stated in pertinent part:

... we do not mean to suggest that a final judgment on the original issue raised by the complaint could not have been awaited by the defendants or that upon appealing from such final judgment, the action of the court below ... could not then have been assigned for error. But, obviously, such a course would not have afforded expeditious procedure for the ultimate disposition of the entire controversy.

The test is whether the order in its "practical aspects" is sufficiently final to be appealable. *Bell v. Beneficial Consumer Discount*, 465 Pa. 225, 348 A.2d 734 (1975). An order is "final" if it precludes a party from presenting the merits of his claim to the lower court. *Pugar v. Greco*, 483 Pa. 68,

394 A.2d 542 (1978).   I would therefore consider this cause of action to be appealable because the "practical ramification" is "to completely deprive the litigant of his day in court so far as his claim is concerned."   *T. C. R. Realty Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977).

If this action were to be reviewed by the lower court on the assumpsit issues alone, appellant would be deprived of its chance to present any proof or argument on one whole theory of recovery.   On that issue, then, its claims would not be examined at the trial level nor would they be available for review on appeal.   Therefore I favor discussion of the merits of the argument rather than treating the appeal as interlocutory, and I shall address the issues in this dissenting opinion.

Appellant is the assignee of the general contractor who originally entered into a contract for construction of the Shamokin Area High School Building.   A portion of the project included construction of concrete walkways, stairs, curbs, and a roadway.   Shortly after construction, these areas began to show serious flaws.   The school authority and the contractor went to arbitration on the matter and the authority was awarded $141,998.00 in damages.   The contractor then assigned all its causes of action against subcontractors and material suppliers to the appellants, who then instituted this action sounding in both trespass and assumpsit.

The provisions of § 402A are based on strict liability, and are set forth as follows:

§ **402A.**   Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product,

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

The initial problem with permitting this appellant to bring suit under § 402A is the fact that the assignor of the right to sue in this instance was not the school authority which would qualify as the "ultimate user or consumer", but the contractor who was in charge of the construction project.

Pa.R.C.P. 2354 states that a successor in interest of a party "shall have all the rights and liabilities of a party to the action." The successor takes the action as it finds it, and ordinarily it cannot file pleadings which the party to whose interest it succeeded could not have filed. Anderson's Civil Practice, Comment on Rule 2354.

The contractor was not the ultimate user or consumer of either the cement/concrete or of the stairs, walkways, etc. constructed by him from the products supplied by the appellees. By no stretch of the imagination could the alleged defects in the cement or concrete supplied be found to have been "unreasonably dangerous" to the assignor-contractor or his workmen, and even if the raw materials are considered, for sake of argument, to be "unreasonably dangerous" to the finished products made from them, causing harm to the property of the *school authority,* that would not permit suit by a third party who merely constructed but had no ownership interest in the damaged property. Appellant, as successor to the interest of the *contractor* cannot assert an interest that would be, if it existed at all, in the school authority, the ultimate owner or consumer of the product.

Suit by this appellant as assignee of the rights of the contractors on a theory of recovery which could never have

been sustained by its assignor was of course improper, and the lower court was correct in dismissing the counts based on a cause of action which could not be sustained by the party-appellant.

We do not need, therefore, to discuss at any length the argument appellant urges as to the *materials* being the "defective product" which caused "physical harm" to property—presumably to the stairs, curbs, etc. themselves and to the general value of the entire school plant as a result of their disintegration. We will merely remark that the argument is ingenious but not convincing.

The Reporter's Notes, comment (d), following 402A, for instance, state the following:

> d. The rule stated in this Section is not limited to the sale of food for human consumption, or other products for intimate bodily use, although it will obviously include them. It extends to any product sold in the condition, or substantially the same condition, in which it is expected to reach the ultimate user or consumer. Thus the rule stated applies to an automobile, a tire, an airplane, a grinding wheel, a water heater, a gas stove, a power tool, a riveting machine, a chair, and an insecticide. It applies also to products which, if they are defective, may be expected to and do cause only "physical harm" in the form of damage to the user's land or chattels, as in the case of animal food or a herbicide.

It is apparent that a seller of cement or concrete is *not* vending a product "sold in the condition, or substantially the same condition, in which it is expected to reach the ultimate user or consumer." A cause of action in strict liability for personal injury or property damage suffered by an individual consumer is a different matter from economic damage sustained by a middle-man handling a product with which he creates improvements to real estate for an ultimate consumer.

As the court in *Posttape Associates v. Eastman Kodak Company,* 537 F.2d 751 (3rd Cir. 1976), stated:

The superiority of Section 402A to compensate the average consumer for personal injury or property damage from a defective product is commonly acknowledged. However, there is considerably less enthusiasm for its application in a commercial setting when the damages are consequential and arise from a non-dangerous impairment of quality of the product. *Id.* at 755.

I would therefore agree with the decision of the lower court which sustains the preliminary objections to the counts of the complaint in this action brought under Section 402A of the Restatement.