474 A.2d 337

MARRON'S WOODSTOVE AND FIREPLACE CENTER, INC., a Pennsylvania Corporation, Appellant

v.

ALASKA COMPANY, INC., a Pennsylvania Corporation, Appellee.

Superior Court of Pennsylvania.

Argued Feb. 9, 1984.

Filed April 13, 1984.

---

Jon Michael King, Emlenton, for appellant.
Solomon Lubin, Wilkes-Barre, for appellee.

Before BROSKY, OLSZEWSKI and JOHNSON, JJ.

JOHNSON, Judge:
The parties to this dispute had entered into an oral agreement for the exclusive distribution of coal heating

stoves, fireplace inserts and boilers manufactured by Alaska Company, Inc. (Defendant) within a geographical area comprising eleven counties in southwestern Pennsylvania. On April 27, 1981, Defendant sent a letter to Plaintiff which purported to cancel the distributorship.

Plaintiff then brought suit in assumpsit, seeking to recover:

(a) $689.00 representing alleged rebates due on certain factory direct sales; and

(b) an amount representing a commission of $10.00 per each unit sold factory direct from January 1, 1981 to March 31, 1981; and

(c) an amount representing lost profits on all sales from March 31, 1981 to April 27, 1981; and

(d) $125,000, being the alleged future value of the contract as of the date of termination.

Defendant filed preliminary objections in the nature of a demurrer asking for the dismissal of the complaint. The trial court examined the averment in the complaint alleging that the exclusive franchise "would continue as long as Plaintiff was adequately performing the terms and conditions thereof" and ruled that the agreement was only of an indefinite duration, and, hence, terminable at will.

Accordingly, the trial court sustained the preliminary objections as to so much of the one-count complaint (paragraphs 13 through 16 thereof) which dealt with future profits beyond the termination date. The order granting the demurrer in part expressly refused to dismiss those portions of the complaint dealing with Plaintiff's requested items for relief (a), (b) and (c) above, which were set forth in paragraphs 1 through 12 of the complaint. Defendant's Motion for a More Specific Pleading was also refused. Plaintiff then brought this appeal.

■ It is settled law that an order dismissing fewer than all counts of a multi-count complaint is interlocutory and unappealable because the appellant is not "out of court". *Pullium v. Laurel School District,* 316 Pa.Super. 339, 348,

462 A.2d 1380, 1384 (1983); *R.B. Equip. v. Williams, Shields, Snyder & Goas,* 304 Pa.Super. 31, 33, 450 A.2d 85, 86 (1982). Although we are faced with an order which precludes the plaintiff from proceeding on merely a portion of the one-count complaint, we conclude that the rule is equally applicable on the facts presented here.

■ This court has jurisdiction over all appeals from final orders of the courts of common pleas. 42 Pa.C.S. § 742. In determining what constitutes a final order we look to a practical rather than technical construction of the order. A final order is an order which either ends the litigation or disposes of the entire case. *Pullium v. Laurel School District, supra.*

■ In the instant case, although preliminary objections were sustained to the claim for future profits, the claims for alleged rebates, commissions and profits earned to date of termination remain to be determined. Plaintiff's claims for these items remain viable; he has not been placed "out of court". Under these circumstances, the order sustaining preliminary objections as to future profits is clearly interlocutory and unappealable.

The appeal is quashed.