530 A.2d 870

**Dorothy WHITE, Appellee,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant.**

Superior Court of Pennsylvania.

Argued May 5, 1987.

Filed Aug. 14, 1987.

Reargument Denied Sept. 28, 1987.

Stephen S. Dittmann, Philadelphia, for appellant.

Ronald B. Abrams, Philadelphia, for appellee.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

The issue to be decided in this case is the appealability of an order vacating sanctions which previously had been imposed pursuant to Pa.R.C.P. 4019. We conclude that the order entered in this case is interlocutory; and, therefore, we quash the appeal.

Dorothy White commenced an action in trespass against Southeastern Pennsylvania Transportation Authority (SEPTA) to recover damages for personal injuries which she had sustained while riding a bus on February 4, 1980. SEPTA caused written interrogatories to be served on White, which White failed to answer. On December 23, 1982, the trial court entered a sanction order which precluded White from introducing at trial any evidence pertaining to matters sought to be discovered by SEPTA.

White's counsel was disbarred on October 19, 1982. It is clear that White had notice of this disbarment no later than March, 1983. Nevertheless, she did nothing until April 3, 1986, when she acted through new counsel to file a petition

requesting the trial court to vacate its sanction order of December 23, 1982. When the trial court granted the petition and vacated the prior sanction order, SEPTA appealed.

It is axiomatic that an appeal will lie only from a final order or judgment unless otherwise permitted by statute or rule. *Fried v. Fried,* 509 Pa. 89, 93, 501 A.2d 211, 213 (1985). White contends that an order vacating discovery sanctions does not end the litigation or dispose of the case and, therefore, is neither final nor appealable. We agree.

"[A]n order is final where it puts a litigant out of court or otherwise terminates the litigation by precluding a party from presenting the merits of a claim or defense to the trial court." *Fidelity Bank v. Duden,* 361 Pa.Super. 124, 128, 521 A.2d 958, 961 (1987). The trial court's order vacating discovery sanctions against White did not terminate or finally dispose of the action pending between the parties. On the contrary, the action remains alive; the parties are still in court; and further proceedings are necessary to determine pending issues of liability and damages.

The Supreme Court, in *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978), admonished that "whenever possible, [appellate] review must await the determination of a suit notwithstanding any resulting inconvenience to a party." *Id.,* 483 Pa. at 75, 394 A.2d at 546. Moreover, "[a]s a general rule, this Court will not provide interim supervision of discovery proceedings conducted in connection with litigation pending in the several trial courts. In the absence of unusual circumstances, we will not review discovery or sanction orders prior to a final judgment in the main action." *McManus v. Chubb Group of Insurance Companies,* 342 Pa.Super. 405, 410, 493 A.2d 84, 87 (1985).

The order from which this appeal was taken is not an order opening a judgment. No judgment has ever been entered in this action. Indeed, it was SEPTA's notice to White, dated February 5, 1986, that the pending action was to be assigned for trial or dismissal for lack of prosecution which appears to have prompted White to engage other

counsel. Therefore, SEPTA did not acquire a right of appeal under Pa.R.App.P. 311(a)(1), which allows an interlocutory appeal from an order opening a judgment.

Because SEPTA's appeal is improper, it must be quashed.

Appeal quashed.