635 A.2d 672

Patrick D. DOLAN, Sr., and Joy Lee Matthews
Dolan, Administrators of the Estate of Joy
Lee Dolan, Deceased,

v.

STADIUM AUTHORITY OF the CITY OF PITTSBURGH
and Spectacor Management Group,

v.

John J. ROMAN.

Appeal of STADIUM AUTHORITY OF the CITY OF
PITTSBURGH and Spectacor Management
Group, Appellants.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 15, 1993.

Decided Dec. 16, 1993.

P. Brennan Hart, for appellants.

Susan F. Evashavik, for appellee John J. Roman.

Before DOYLE, and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Stadium Authority of the City of Pittsburgh and Spectacor Management Group (appellants) appeal an order of the Court of Common Pleas of Allegheny County which sustained in part the preliminary objections of John J. Roman. The effect of this order was the dismissal of one paragraph of appellants' amended complaint.

Joy Lee Dolan, a minor, fell to her death while sliding on the handrail of an escalator located at Three Rivers Stadium, Pittsburgh. Her parents, as administrators of her estate, brought suit against the appellants who in turn sought to join Mr. Roman as an additional defendant in this action. On August 15, 1991, the day she sustained her fatal injury, Mr. Roman, also a minor, had accompanied Ms. Dolan to the stadium.

Appellants' original complaint alleged that Mr. Roman was negligent, careless and reckless in that he furnished Ms. Dolan with alcohol, slid down the handrail while encouraging her to do the same and engaged in horseplay which caused Ms. Dolan to fall. Mr. Roman filed preliminary objections arguing that appellants neither alleged nor demonstrated a duty which could establish any liability on his part as a matter of law. The trial court sustained these objections and gave appellants thirty days in which to amend their complaint.

After the submission of appellants' amended complaint, Mr. Roman again filed preliminary objections, this time to paragraphs five and six (a). The trial court dismissed the objection to paragraph five, but sustained the objection to subparagraph six (a) as an unrecognized cause of action in Pennsylvania. Paragraph six reads in its entirety as follows:

6. The decedent's fatal injuries and resulting death were the direct and proximate result of the negligence, carelessness, and recklessness of the Additional Defendant as follows:

(a) In encouraging, enticing, persuading and/or directing plaintiff's decedent to slide down the escalator handrail,

thereby misrepresenting to plaintiff's decedent the dangers inherent in riding on escalator handrails, when it was foreseeable to him (or when he knew or should have known) that plaintiff's decedent would rely upon said misrepresentation and would be encouraged, enticed or persuaded thereby to attempt to slide on the handrail and would thereby be subjected to an unreasonable risk.

(b) In engaging in horseplay, such that he accidentally pushed, bumped or shoved plaintiff's decedent or otherwise negligently caused his body to collide with plaintiff's decedent, causing her to fall from the escalator handrail.

Appellants argue that the lower court's striking of paragraph six (a) of its amended complaint pursuant to Mr. Roman's preliminary objections was error.[1] However, before we may consider the merits of appellants' appeal, we must determine whether this appeal is interlocutory and properly before this court.

Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court.[2] *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). An order is final when it ends the litigation or, in effect, disposes of the entire case. *Praisner v. Stocker*, 313 Pa.Superior Ct. 332, 459 A.2d 1255 (1983). Usually, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. *Id.* However, when the dismissal of one or more counts of a multi-count complaint has the effect of

---

1. Appellants also argue that it was error for the trial court to dismiss its claims based upon Mr. Roman's furnishing alcohol to the decedent prior to her fall. Since this claim was set out in paragraph six (c) of the original complaint and appellants neither appealed this decision nor included this allegation in their amended complaint, this issue is not before the court at this time.

2. We note that Pa.R.A.P. 341, which governs final appealable orders, was amended effective July 6, 1992. This amendment, affecting only cases commenced after that date, redefined the meaning of a final appealable order and its application would render this appeal interlocutory. Although appellant's complaint to join Mr. Roman was filed on August 7, 1992, this action was commenced on January 17, 1992 when the administrators of the decedent's estate filed their original complaint against appellants. Therefore, the pre-amendment version of this rule applies.

precluding the plaintiff from pursuing the merits of separate and distinct causes of action, the order sustaining the preliminary objections is final with regard to those causes of action dismissed. *Spivack v. Berks Ridge Corp., Inc.*, 402 Pa.Superior Ct. 73, 586 A.2d 402 (1990). To be appealable, the count or counts dismissed must state separate and distinct causes of action and not merely alternate theories of recovery. *Jenkins v. Hospital of Medical College*, 401 Pa.Superior Ct. 604, 585 A.2d 1091 (1991), *petition for allowance of appeal granted*, 529 Pa. 669, 605 A.2d 334 (1992). This distinction, between a separate and distinct cause of action and an alternate theory of recovery, is at issue here.

▇ In *Garofolo v. Shah*, 400 Pa.Superior Ct. 456, 460, 583 A.2d 1205, 1206 (1990), the Superior Court stated:

In many cases, but not all, whether separate causes of action have been stated or whether they are merely alternate theories of recovery can be determined by looking to the relief requested. Alternate theories of recovery are different means by which to recover the same damages or relief for a single harm. Separate causes of action request different relief for different harms.

In this case, appellants, under paragraph six, listed two theories by which to allege negligence on the part of Mr. Roman, that would result in his joinder as an additional defendant in the action brought by the administrators of the decedent's estate against appellants. Only one of the theories, grounded in the same set of facts and seeking the same relief for the same resulting harm, was dismissed.

Furthermore, the pivotal question in determining the finality of an order and, therefore, its appealability is "... whether the plaintiff aggrieved by it [the order] has, for purposes of the particular action, been put out of court on all theories of recovery asserted against a given defendant for a given loss." *Motheral v. Burkhart*, 400 Pa.Superior Ct. 408, 412, 583 A.2d 1180, 1184 (1990) (quoting *Sweener v. First Baptist Church*, 516 Pa. 534, 539, 533 A.2d 998, 1000 (1987)). Appellants are not "out of court" in their attempt to join Mr. Roman as an additional defendant. A complaint asserting his sole liability

to the plaintiffs and/or seeking his contribution or indemnity because of his alleged negligence still stands.[3] Therefore, the order before us is interlocutory and we need not consider the merits of appellants' case at this time.

Because an appeal will not lie from an interlocutory order, the present appeal must be dismissed.

## *ORDER*

NOW, December 16, 1993, the appeal of the order of the trial court in the above captioned case is hereby dismissed as interlocutory.

**3.** We also note that because of the dismissal of Mr. Roman's preliminary objections to paragraph five of the complaint, appellants' still maintain similar allegations against the additional defendant which read as follows:

5. At the above-mentioned date and place at approximately 9:30 p.m., Additional Defendant slid down the escalator handrail and, through affirmative acts and words, encouraged, enticed, persuaded and/or directed Plaintiffs' decedent to also slide down the escalator handrail. Upon information and belief, it is averred that, while thus situated, Additional Defendant caused Plaintiffs' decedent to fall from the escalator thereby sustaining fatal injuries from which Plaintiffs' decedent expired on August 16, 1991.