J-S59008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNNY JENKINS, | |
| Appellant | No. 2015 EDA 2015 |

Appeal from the Order Entered May 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013768-2012

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                  **FILED OCTOBER 24, 2016**

Appellant, Johnny Jenkins, appeals from the trial court's order denying his motion to quash based on double jeopardy.  After careful review, we are compelled to vacate the May 27, 2015 order and remand this matter to the trial court for it to comply with the requirements of Pa.R.Crim.P. 587(B).

We briefly set forth the facts and procedural history of this matter. The trial court summarized the factual background as follows:

> The allegations are that on May 24, 2012, the complainant took his car[] to be serviced at a garage and left the key with [Appellant].  When he returned to pick up the car, it was gone and a witness said [Appellant] had taken it.  The car was recovered unoccupied on June 9, 2012.  It was towed to the Major Crimes Auto Squad lot, where it was stored.  The vehicle was last seen on the lot on June 12, 2012, and was reported stolen again on June 14, 2012.  [Appellant] was stopped in the

---

[*] Former Justice specially assigned to the Superior Court.

vehicle on June 16, 2012 and arrested. [Appellant] gave a statement admitting to stealing the car the first time from the complainant, then again from the police impound lot.

Trial Court Opinion (TCO), 11/25/15, at 4 (footnote and internal citation omitted).

On April 29, 2015, Appellant pled guilty to unauthorized use of an automobile in the case involving the vehicle theft from the impound lot in June 2012. *Id.* at 2-4. The case involving the original May 24, 2012 vehicle theft was scheduled for trial on May 27, 2015. *Id.* at 3. On May 27, 2015, Appellant filed a motion to quash based on double jeopardy, arguing that the above-stated thefts represent an ongoing or common crime, and that the Commonwealth's failure to join Appellant's cases constitutes double jeopardy. *See id.*; N.T. Hearing, 5/27/15, at 3-4. Argument on Appellant's motion to quash occurred that same day, and the trial court denied it. TCO at 3. Further, the trial — scheduled to take place that day— was continued because a witness for the Commonwealth failed to appear. *Id.* Subsequently, on June 26, 2015, Appellant filed a notice of appeal challenging the trial court's order denying his motion to quash based on double jeopardy. *Id.*

In his appeal, Appellant raises a single issue for our review:

Did the Honorable Judge … commit legal error when the [c]ourt denied [Appellant's] Motion to Bar Prosecution Because of Double Jeopardy, where the Commonwealth failed to engage in compulsory joinder?

Appellant's Brief at 3.

Before turning to the merits of Appellant's argument, we must determine if we may exercise jurisdiction over this appeal. Initially, we acknowledge that issues of jurisdiction may be raised *sua sponte*. *Commonwealth v. Taylor*, 120 A.3d 1017, 1021 (Pa. Super. 2015) (citation omitted). Moreover, "[w]hen considering the proper exercise of appellate jurisdiction, our review is *de novo*, and the scope of review is plenary." *Id.* at 1021, n.8 (citation omitted). Here, Appellant claims that this Court has jurisdiction pursuant to Pa.R.A.P. 311, which pertains to interlocutory appeals as of right. *See* Appellant's Brief at 1. However, Appellant does not address how an appeal may be taken as of right from the trial court's order denying his motion to quash, and we cannot discern how Rule 311 is applicable to the case at bar. Further, this Court has previously determined that it does not have jurisdiction, pursuant to Rule 311, over an appeal from an order denying a pretrial motion to dismiss on double jeopardy grounds. *Taylor*, 120 A.3d at 1021. As such, we cannot conclude that we have jurisdiction on this basis.

Notwithstanding, we may be able to exert jurisdiction over this appeal to the extent it qualifies as a collateral order under Pa.R.A.P. 313. *See id*. Pennsylvania Rule of Appellate Procedure 313 states:

> **(a)  General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> **(b)  Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until

final judgment in the case, the claim will be irreparably lost.

*Note*: Rule 313 is a codification of existing case law with respect to collateral orders. ***See Pugar v. Greco***, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (quoting ***Cohen v. Beneficial Industrial Loan Corp.***, 337 U. S. 541 (1949)[)]. ***Examples of collateral orders include orders denying pre-trial motions to dismiss based on double jeopardy in which the court does not find the motion frivolous***, ***Commonwealth v. Brady***, 510 Pa. 336, 508 A.2d 286, 289-91 (1986) (allowing an immediate appeal from denial of double jeopardy claim under collateral order doctrine where trial court does not make a finding of frivolousness); ***if the trial court finds the motion frivolous, the defendant may secure review only by first filing a petition for review under Pa.R.A.P. 1573***. ***See Commonwealth v. Orie***, 22 A.3d 1021 (Pa. 2011)….

If an order falls under Rule 313, an immediate appeal may be taken as of right simply by filing a notice of appeal. The procedures set forth in Rules 341(c) and 1311 do not apply under Rule 313.

Pa.R.A.P. 313 (emphasis added).

Furthermore, this Court has explained:

To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy [Pa.R.Crim.P.] 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

***Taylor***, 120 A.3d at 1022-23 (footnote omitted).

- 4 -

In the case *sub judice*, the trial court did not satisfy the requirements of Rule 587(B). Our reading of the argument transcript does not demonstrate that the trial court complied with Rule 587(B)(3), which requires, *inter alia*, the court to enter on the record a statement of findings of fact and conclusions of law. Following the argument, the trial court did not contemporaneously place on the record such a statement.[1] **See** N.T. Hearing at 7. Further, we could identify no specific finding on the record in accordance with Rule 587(B)(4) regarding whether Appellant's motion is frivolous, and this finding directly implicates our jurisdiction. **See** Note to Pa.R.A.P. 313 ("Examples of collateral orders include orders denying pre-trial motions to dismiss based on double jeopardy in which the court does not find the motion frivolous; if the trial court finds the motion frivolous, the

---

[1] In **Taylor**, we took note of the final report on Rule 587(B) issued by the Criminal Procedure Rules Committee, which states:

> The members of the Criminal Committee noted, anecdotally, that frequently judges will deny the motion to dismiss on double jeopardy grounds without making a finding with regard to frivolousness unless or until a defendant challenges the denial of the motion, and that some judges do not explain the basis for finding the motion frivolous. Recognizing that these practices are a source of confusion and that they cause problems for defendants and appellate courts when such motions are denied, *the amendments require the trial judge to make a specific finding as to frivolousness at the time the judge decides the double jeopardy motion, and further require a trial judge to make a contemporaneous record of the judge's reasons for his or her findings.*

**Taylor**, 120 A.3d at 1022 n.10 (quoting Motion to Dismiss Based on Double Jeopardy Grounds Final Report, 6/4/2013, at 3) (emphasis added).

defendant may secure review only by first filing a petition for review under Pa.R.A.P. 1573.") (internal citation omitted). Without this finding, we are unable to determine if we may exert jurisdiction.[2] Accordingly, we vacate the May 27, 2015 order and remand this matter to the trial court for it to comply with the requirements of Rule 587(B).

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016

---

[2] The record also does not demonstrate that Appellant was advised by the trial court of his appeal rights as required by Rule 587(b)(5) or (6).