J-S34030-17

2017 PA Super 414

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN THOMAS MAGEE, JR., | |
| APPEAL OF: SCHINDLER LAW GROUP, LLC, THOMAS K. SCHINDLER, ESQUIRE, AND JOHN H. PAVLOFF, ESQUIRE | No. 3459 EDA 2016 |

Appeal from the Order Dated October 19, 2016
In the Court of Common Pleas of Chester County
Criminal Division at Nos: CP-15-CR-0003719-2015
CP-15-CR-0003720-2015
CP-15-CR-0003721-2015

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

CONCURRING AND DISSENTING OPINION BY PLATT, J.:

**FILED DECEMBER 27, 2017**

I respectfully concur in part and dissent in part. Although I agree with the learned Majority that the trial judge did not abuse her discretion in denying Appellants' motion to withdraw from representation of defendant Magee,[1] I conclude that Appellants failed to meet their burden to establish that their

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] (**See** Majority Opinion, at 20-22).

motion was appealable as of right. Therefore, this Court lacks jurisdiction to consider their appeal. Accordingly, I would quash the appeal.

Under the collateral order doctrine as set forth in Pennsylvania Rule of Appellate Procedure 313, "an order is immediately appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." **In re N.B.**, 817 A.2d 530, 534 (Pa. Super. 2003) (citing **Pugar v. Greco**, 394 A.2d 542, 545 (Pa. 1978)) (footnote omitted); **see** Pa.R.A.P. 313.

> The collateral order doctrine is a specialized, practical application of the general rule that only final orders are appealable as of right. Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule. To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.

**Melvin v. Doe**, 836 A.2d 42, 46–47 (Pa. 2003) (citation omitted).

I would find that orders denying motions to withdraw are neither "separable from [nor] collateral to the main cause of action" when the filing of such motion defeats an imminent trial listing.[2] Pa.R.A.P. 313(b). Our Rules of Criminal Procedure vest the trial court with discretion whether to permit

---

[2] I believe the learned Majority's expectation that counsel will not make withdrawal motions in bad faith is naively optimistic and not a proper foundation for the establishment of a general prophylactic rule. (**See** Maj. Op., at 12 n.9).

counsel for a defendant to withdraw his or her appearance, based in part on the delay such withdrawal would cause. *See* Pa.R.Crim.P. 120(B)(1); *see also id.* at Comment ("The court must make a determination of the status of a case before permitting counsel to withdraw."). An absolute right to appeal, and the ensuing delay created by such appeal, would negate the trial court's prerogative to manage the business in its court, and would impose a significant delay in resolving the main cause of action.

The instant case is illustrative of how the right to an appeal would allow counsel to negate the trial court's decision and delay an impending trial. Here, Appellants (after obtaining modification of defendant's bail permitting his release to assist in his defense) obtained seven continuances of trial. On August 17, 2016, the trial court issued notice of attachment for trial commencing October 31, 2016. Appellants, claiming to have been retained to represent defendant up to, but not including trial, **filed a motion to withdraw two weeks prior to the date trial was to commence**. The trial court denied the motion to withdraw, finding that Appellants had created their own emergency and "failed to take steps to avoid the foreseeable prejudice of delaying trial, and delaying the ability of his client to employ other counsel prior to the jury trial date[.]" (Trial Court Opinion, 11/16/16, at 5; *see also* Maj. Op., at 14). Simply by filing an appeal of the trial court's motion, however, Appellants have been able to obtain a **thirteen-month delay** of trial during the pendency of this appeal.

Therefore, I would conclude that the order in this case denying Appellants' petition to withdraw is not separable from and collateral to the main cause of action, and thus, is not a collateral order appealable as of right under Rule 313. **See Melvin**, **supra** at 46-17; **In re N.B.**, **supra** at 534. Consequently, I would quash this appeal as interlocutory.

Accordingly, I respectfully concur in part and dissent in part.