J-S65023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STANLEY FOSTER BOWERSOX, III, | |
| Appellant | No. 158 WDA 2016 |

Appeal from the Order Entered December 18, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002503-2012

BEFORE: LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 28, 2016**

Appellant, Stanley Foster Bowersox, III, appeals from the order entered on December 18, 2015, which denied Appellant's motion for a change of appointed counsel. We quash this appeal.

Following a bench trial on May 15, 2013, Appellant was found guilty of a multitude of crimes, including aggravated assault, criminal conspiracy, and robbery. On June 24, 2013, the trial court sentenced Appellant to serve an aggregate term of 13 ½ to 27 years in prison for his convictions, to be followed by a term of ten years of probation. On January 30, 2015, this Court affirmed Appellant's judgment of sentence and, on June 30, 2015, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Bowersox***, 118 A.3d 459 (Pa. Super. 2015)

_____
*Retired Senior Judge assigned to the Superior Court.

(unpublished memorandum) at 1-11, *appeal denied*, 117 A.3d 1280 (Pa. 2015).

On November 12, 2015, Appellant filed a timely, *pro se* petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On November 17, 2015, the PCRA court appointed William J. Hathaway, Esquire (hereinafter "Attorney Hathaway") as counsel to represent Appellant in the post-conviction proceedings; the PCRA court's order declared that Attorney Hathaway had 60 days to file an amended PCRA petition. PCRA Court Order, 11/17/15, at 1.

On December 18, 2015 – which was prior to the expiration of the 60 days provided to Attorney Hathaway – Appellant filed a *pro se* "Motion for Change of Appointed Counsel" in the PCRA court. Within Appellant's motion, Appellant claimed:

> Attorney Hathaway has failed to communicate with [Appellant], failed to respond to [Appellant's] correspondence[, and failed] to accept any of [Appellant's] pre-paid telephone calls. . . . Furthermore, based on information and belief, Attorney Hathaway is presently representing a host of other clients in the context of court-appointed PCRA/appeal counsel, and unable to dedicate the time, energy[,] and resources which are essential to provide [Appellant] with effective representation.

Appellant's Motion for Change of Appointed Counsel, 12/18/15, at 1-2.[1]

_____

[1] We note that, on January 13, 2016, Attorney Hathaway filed an amended PCRA petition and, within the amended petition, Attorney Hathaway raised a number of ineffective assistance of trial counsel claims. **See** Appellant's Amended PCRA Petition, 1/13/16, at 1-5.

Appellant requested that the PCRA court "enter an order permitting Attorney Hathaway to withdraw his appearance in this matter and appointing new counsel to represent him." *Id.* at 3.

The PCRA court denied Appellant's motion on December 21, 2015 and Appellant filed a notice of appeal from that order. We now quash Appellant's appeal.

As we have explained, prior to reaching the merits of any appeal, this Court must "first ascertain whether the [order appealed from] is properly appealable." *Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa. Super. 1997). Indeed, since "the question of appealability implicates the jurisdiction of this Court[, the issue] may be raised by [this] Court *sua sponte*." *Commonwealth v. Baio*, 898 A.2d 1095, 1098 (Pa. Super. 2006).

Generally, this Court's jurisdiction "extends only to review of final orders." *Rae v. Pa. Funeral Dir's Ass'n*, 977 A.2d 1121, 1124-1125 (Pa. 2009); 42 Pa.C.S.A. § 742; Pa.R.A.P. 341(a). A final order is defined as any order that: "(1) disposes of all claims and of all parties; [] (2) is explicitly defined as a final order by statute; or (3) is entered as a final order pursuant to [Pennsylvania Rule of Appellate Procedure 341(c)]." Pa.R.A.P. 341(b).

The PCRA court's December 21, 2015 order – denying Appellant's Motion for Change of Appointed Counsel – does not fall under any of the three definitions of a "final order." Therefore, since the order is not appealable under Rule 341, the order is non-final and interlocutory.

Interlocutory orders are appealable in certain circumstances. As our Supreme Court has explained:

> in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

*Commonwealth v. Garcia*, 43 A.3d 470, 478 n.7 (Pa. 2012) (internal quotations omitted), *quoting* *McCutcheon v. Phila. Elec. Co.*, 788 A.2d 345, 349 n.6 (Pa. 2002).

Here, the PCRA court's December 21, 2015 order is not appealable as of right (*per* Pa.R.A.P. 311) and neither party asked for or received permission to appeal the December 21, 2015 order (*per* Pa.R.A.P. 312). Thus, the question before this Court is whether the order is appealable under the collateral order doctrine. *See* Pa.R.A.P. 313.

Pennsylvania Rule of Appellate Procedure 313 defines a collateral order as one that: "1) is separable from and collateral to the main cause of action; 2) involves a right too important to be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost." *In re Bridgeport Fire Litigation*, 51 A.3d 224, 230 n.8 (Pa. Super. 2012); Pa.R.A.P. 313(b). An order is "separable from and collateral to the main cause of action" if the order "is

entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute." ***K.C. v. L.A.***, 128 A.3d 774, 778 (Pa. 2015) (internal quotations omitted), *citing* ***Commonwealth v. Blystone***, 119 A.3d 306, 312 (Pa. 2015). Further, with respect to the "separability" prong of the test, our Supreme Court has explained that, "although [the Supreme Court will] tolerate a degree of interrelatedness between merits issues and the question sought to be raised in the interlocutory appeal, the claim must nevertheless be conceptually distinct from the merits of plaintiff's claim." ***Blystone***, 119 A.3d at 312 (internal quotations and citations omitted).

Our Supreme Court has also emphasized:

> the collateral order doctrine is a specialized, practical [exception to] the general rule that only final orders are appealable as of right. Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule. To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.

***Melvin v. Doe***, 836 A.2d 42, 46-47 (Pa. 2003) (internal citations omitted).

Our Supreme Court has held that "an order denying a request to withdraw as [PCRA] counsel based on an alleged conflict of interest" is not appealable under the collateral order doctrine. ***Commonwealth v. Wells***, 719 A.2d 729 (Pa. 1998). As the ***Wells*** Court explained:

> Appellant's claim that he is entitled to "conflict-free" PCRA counsel will not be irreparably lost if the order denying the Petition to Withdraw is not reviewed at this time. Since

- 5 -

> Appellant has a right of appeal if the PCRA court denies his petition, the order denying the Petition to Withdraw, and consequently the merits of the conflict issue, can be reviewed if or when Appellant files an appeal from the court's PCRA decision. If it is determined that the PCRA court improperly failed to remove PCRA counsel due to a conflict of interest, any right to conflict-free PCRA counsel is not lost since the defendant may be granted a new PCRA hearing and new counsel. Thus, since Appellant's claimed right would not be irreparably lost if review of the order were postponed until final judgment, the court's order denying the Petition to Withdraw is not appealable under the collateral order doctrine.
>
> Moreover, [the final order rule] . . . in criminal cases [] serves to promote the compelling interest in prompt trials by avoiding the disruption of cases generated by piecemeal appellate review. . . . This interest in preventing undue delay in criminal proceedings is not lost once an appeal enters the PCRA stage. Moreover, the language of the PCRA itself reflects the legislature's concern with the effect delay may have on a meritorious review of a PCRA petition. **See** 42 Pa.C.S.A. § 9543(b) (PCRA petition will be dismissed if delay in filing petition prejudices Commonwealth's ability to respond to petition or retry petitioner in the event a new trial is granted).

**Wells**, 719 A.2d at 731 (internal footnotes omitted).

The reasoning of **Wells** applies with greater force to the case at bar, given that Appellant's premature allegations of ineffective assistance of counsel are not yet ripe – and, if they ever come to fruition, the allegations can be reviewed at a later date. **See Commonwealth v. Haag**, 809 A.2d 271, 282-283 (Pa. 2002) (a PCRA petitioner has a rule-based right to effective assistance of PCRA counsel); **Commonwealth v. Rigg**, 84 A.3d 1080, 1085 (Pa. Super. 2014) ("where the new issue is one concerning PCRA counsel's representation, a petitioner can preserve the issue by including

- 6 -

that claim in his [Pa.R.Crim.P.] 907 response or raising the issue while the PCRA court retains jurisdiction"); *see also In re N.B.*, 817 A.2d 530 (Pa. Super. 2003) (denial of mother's motion to change appointed counsel in a dependency proceeding was not appealable under the collateral order doctrine); *Commonwealth v. Johnson*, 705 A.2d 830 (Pa. 1998) (order disqualifying a criminal defendant's counsel of choice was not appealable under the collateral order doctrine).

Therefore, in accordance with *Wells*, we conclude that the order denying Appellant's Motion for Change of Appointed Counsel does not constitute a collateral order, as it does not "present[] a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost." *In re Bridgeport Fire Litigation*, 51 A.3d at 230 n.8.

Further, given that Appellant's motion centers upon the claim that his current counsel is ineffective – and given that the current appeal centers upon the claim that the PCRA court erred in denying his motion on the merits – we conclude that the current appeal fails the "separability" prong of the collateral order test, as any inquiry into counsel's effectiveness would require "an analysis of the merits of the underlying dispute." *Blystone*, 119 A.3d at 312. To be sure, for this Court to render a determination on whether Appellant's counsel is ineffective, we would be required to analyze the merits of Appellant's PCRA petition. Under the collateral order doctrine, this type of merits review is simply impermissible. *Id.*

Appellant's current appeal thus fails the first and third prongs of the collateral order test. The trial court's December 12, 2015 order is, therefore, not appealable. We quash this appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/28/2016