719 A.2d 729

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James Leon WELLS, a/k/a James L. Wells,
a/k/a Manuel Wells, Appellant.**

Supreme Court of Pennsylvania.

Argued March 11, 1998.

Decided Oct. 1, 1998.

Kevin G. Sasinoski, Christine M. Selden, Pittsburgh, for James Leon Wells.

Claire C. Capristo, Robert A. Willig, Pittsburgh, for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NIGRO, Justice.

The sole issue raised by this appeal is whether an order denying a request to withdraw as counsel based on an alleged conflict of interest is an appealable order under Rule 313 of the Pennsylvania Rules of Appellate Procedure.

On March 4, 1992, Appellant James Leon Wells pled guilty to criminal homicide, 18 Pa.C.S. § 2501, aggravated assault, 18 Pa.C.S. § 2702, three counts of recklessly endangering another person, 18 Pa.C.S. § 2705, and violation of the Uniform Firearms Act, 18 Pa.C.S. § 6106. Pursuant to the plea agreement, Appellant was sentenced to a term of imprisonment of ten to twenty years. Appellant did not file a direct appeal.

On November 29, 1995, Appellant filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. The Public Defender of Allegheny County was appointed to represent Appellant, and was directed to file an amended petition. After filing three petitions for an extension of time, the Public Defender filed a Petition to Withdraw as Counsel ("Petition to Withdraw") due to an alleged conflict of interest. The Public Defender claimed that his representation of Appellant posed a conflict of interest in that Appellant was represented at his plea by an attorney who works as a part-time employee of the Public Defender's office.

The PCRA trial court denied the Petition to Withdraw, finding that there is no conflict because Appellant's trial counsel was acting in his private capacity at the time of the plea. Claiming that the PCRA court erred in denying the Petition to Withdraw, Appellant appealed to the Superior Court. On May 1, 1997, the Superior Court quashed the appeal on the grounds that the order was neither final nor appealable as a collateral order pursuant to Rule of Appellate Procedure 313. We granted allocatur to determine whether the Superior Court erred in ruling that the trial court's order denying the Petition to Withdraw is not an immediately

appealable collateral order. For the reasons outlined below, we affirm.

■■■ Rule of Appellate Procedure 313 sets forth a narrow exception to the general rule that only final orders are subject to appellate review. *See Pugar v. Greco*, 483 Pa. 68, 72, 394 A.2d 542, 544 (1978)(stating rule of finality).[1] Under this exception, an interlocutory order is considered "final" and immediately appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *See Pugar*, 483 Pa. at 73, 394 A.2d at 545 (setting forth test for appealable collateral order); Pa. R.A.P. 313 (codifying collateral order exception).[2] This third prong requires that the matter must effectively be unreviewable on appeal from final judgment. *See Commonwealth v. Johnson*, 550 Pa. 298, 302 n. 2, 705 A.2d 830, 832 n. 2 (1998)(citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)). *See also Commonwealth v. Myers*, 457 Pa. 317, 320, 322 A.2d 131, 133 (1974)(order is not immediately appealable if it cannot be said "that 'denial of immediate review would render impossible any review whatsoever of [the] individual's claim' " (quoting *United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971))).

Here, Appellant argues that the order denying the Petition to Withdraw meets all three criteria of a collateral order, and therefore, is immediately appealable under Rule 313. We

---

**1.** A final order is one that disposes of all claims or all parties. *See* Pa. R.A.P. 341(b); *Pugar*, 483 Pa. at 73, 394 A.2d at 545 (final order is one that ends the litigation or disposes of entire case).

**2.** Rule of Appellate Procedure 313 provides:

(a) General Rule. An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

(b) Definition. A collateral order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa. R.A.P. 313

disagree and instead find that this order does not satisfy the third requirement of the collateral order exception. *See Fried v. Fried*, 509 Pa. 89, 95, 501 A.2d 211, 214 (1985) (order must satisfy all three criteria to be immediately appealable under collateral order exception).

This Court recently addressed the similar issue of whether an order disqualifying trial counsel is immediately appealable. In *Commonwealth v. Johnson*, 550 Pa. 298, 304–06, 705 A.2d 830, 834 (1998), the Court adopted the reasoning of *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), and held that a pretrial order removing trial counsel in a criminal case does not satisfy the collateral order exception, and thus, is not immediately appealable. In *Flanagan*, the United States Supreme Court held that a disqualification order based upon a conflict of interest is not immediately appealable under the collateral order exception. 465 U.S. at 269, 104 S.Ct. at 1057. We agreed with the *Flanagan* Court that postponing review of a disqualification order until final judgment would not cause a criminal defendant's right to counsel of choice to be irretrievably lost. *Johnson*, 550 Pa. at 304–06, 705 A.2d at 834. In so holding, we stated:

> Like the denial of a suppression motion, an order disqualifying counsel is reviewable after judgment of sentence. If a judgment is obtained and it is determined on appeal that the trial court improperly removed counsel, the right to counsel of choice is not lost. There will be a new trial and the defendant will have his counsel of choice.

*Id.*

We find that the reasoning of *Johnson* is equally applicable to the instant case involving the appealability of the trial court's order denying the Petition to Withdraw based upon an alleged conflict of interest.[3] As noted by the Superior Court

3. We note that *Johnson* implicated a defendant's constitutional right to counsel since the trial court had removed trial counsel before the start of trial. Here, the PCRA court's decision denying counsel permission to withdraw occurred at the PCRA stage and therefore, does not involve Appellant's constitutional right to counsel. *See Commonwealth v. Peterkin*, 538 Pa. 455, 463, 649 A.2d 121, 125 (1994), *cert. denied*, 515 U.S. 1137, 115 S.Ct. 2569, 132 L.Ed.2d 821 (1995) (defendant has constitu-

below, Appellant's claim that he is entitled to "conflict-free" PCRA counsel will not be irreparably lost if the order denying the Petition to Withdraw is not reviewed at this time. Since Appellant has a right of appeal if the PCRA court denies his petition, the order denying the Petition to Withdraw, and consequently the merits of the conflict issue, can be reviewed if or when Appellant files an appeal from the court's PCRA decision. If it is determined that the PCRA court improperly failed to remove PCRA counsel due to a conflict of interest, any right to conflict-free PCRA counsel is not lost since the defendant may be granted a new PCRA hearing and new counsel.[4] Thus, since Appellant's claimed right would not be irreparably lost if review of the order were postponed until final judgment, the court's order denying the Petition to Withdraw is not appealable under the collateral order doctrine.[5]

Moreover, we note that *Johnson* also reiterated the importance of the finality rule in criminal cases, which serves to promote the compelling interest in prompt trials by avoiding

tional right to counsel in direct appeal but not in state collateral proceedings). Rather, it involves Appellant's right in this Commonwealth to first-time PCRA counsel as conferred by Pennsylvania Rule of Criminal Procedure 1504. *See* Pa. R.Crim. Pro. 1504 (defendants shall receive counsel on first PCRA petitions).

4. At the same time, Appellant's claim that the PCRA court erred in denying the Petition to Withdraw may become moot in the event that Appellant's PCRA petition is granted. *See Johnson,* 550 Pa. at 304–06, 705 A.2d at 834 (if new counsel obtains judgment in defendant's favor, the propriety of removing original counsel will become moot).

5. We reject Appellant's argument that *Commonwealth v. Ahlborn,* 548 Pa. 544, 699 A.2d 718 (1997), supports his position that his claim would be irreparably lost if the order in question is not subject to immediate review. In *Ahlborn,* this Court held that a petitioner is not eligible for relief under the PCRA if his sentence has been completed. *Id.* at 550, 699 A.2d at 721. In the first instance, Appellant continues to be incarcerated pursuant to his sentence of ten to twenty years and does not allege that he is in danger of having his sentence expire prior to the disposition of the substantive claims in his PCRA petition. Further, *Ahlborn* actually undermines Appellant's contention that the PCRA court's order denying the Petition to Withdraw is appealable under the collateral order exception. Allowing such piecemeal appellate review would only serve to delay the adjudication of substantive claims in a PCRA petition, and the holding of *Ahlborn* is only applicable if such adjudication has not taken place.

the disruption of cases generated by piecemeal appellate review. *Johnson,* 550 Pa. at 304–06, 705 A.2d at 834. This interest in preventing undue delay in criminal proceedings is not lost once an appeal enters the PCRA stage. Moreover, the language of the PCRA itself reflects the legislature's concern with the effect delay may have on a meritorious review of a PCRA petition. *See* 42 Pa.C.S. § 9543(b) (PCRA petition will be dismissed if delay in filing petition prejudices Commonwealth's ability to respond to petition or retry petitioner in the event a new trial is granted).

Since we agree with the Superior Court that this order does not qualify as an immediately appealable collateral order, we find that the Superior Court properly quashed this appeal, and therefore affirm. Accordingly, we remand this case to the PCRA court to conduct a hearing on the merits of Appellant's amended PCRA petition. Jurisdiction relinquished.[6]

---

**6.** Since the issue of whether the trial court erred in denying PCRA counsel's Petition to Withdraw is not properly before this Court, this opinion makes no statement on the merits of the trial court's ruling.