J-S55017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES WALSH, | |
| Appellant | No. 133  WDA 2015 |

Appeal from the Order Entered November 14, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-MD-0000231-2013

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 29, 2015**

Appellant, James Walsh, appeals *pro se* from an order issued by the trial court on November 14, 2014.  Because we conclude that the order is not final and/or appealable, we quash.

The complicated factual and procedural history of this case is irrelevant to our disposition of Appellant's appeal.  We need only explain that Appellant's case involves various contempt proceedings stemming from his failure to pay costs and fines owed to Blair County.  On November 14, 2014, the court issued the order from which Appellant now seeks to appeal.  That order: (1) continued (at Appellant's request) the disposition of a *pro se*

_____

[*] Retired Senior Judge assigned to the Superior Court.

petition previously filed by Appellant;[1] (2) vacated/rescinded a bench warrant that had been issued for Appellant; and (3) granted Appellant's counsel's oral request to withdraw from representing Appellant.

For the following reasons, we *sua sponte* conclude that this order is not final and/or appealable. **See In re Miscin**, 885 A.2d 558, 560-61 (Pa. Super. 2005) (stating that "[w]e may examine the issue of appealability *sua sponte* because it affects the Court's jurisdiction over the case"). Our Supreme Court has explained:

> As a general rule, … appellate courts have jurisdiction only over appeals taken from a final order. Pa.R.A.P. 341(b) defines a final order as follows:
>
> > **Definition of final order.** A final order is any order that:
> >
> > (1) disposes of all claims and of all parties; or
> >
> > (2) is expressly defined as a final order by statute; or
> >
> > (3) is entered as a final order pursuant to subdivision (c) of this rule.
>
> Pa.R.A.P. [] 341(b). This rule is interpreted in accordance with the plain language of its terms. **Nationwide Mut. Ins. Co. v. Wickett**, 563 Pa. 595, 601 n. 6, 763 A.2d 813, 817 n. 6 (2000).

**Commonwealth v. Scarborough**, 64 A.3d 602, 608 (Pa. 2013) (one citation omitted).

---

[1] In that *pro se* petition, Appellant sought the restoration of his right to appeal *nunc pro tunc* from an order issued on March 12, 2014.

Here, the trial court's November 14, 2014 order did three things. First, it continued the disposition of a *pro se* petition filed by Appellant. Clearly, the court's order is not final/appealable in this regard. Second, the order vacated/rescinded a bench warrant issued for Appellant's arrest. Because Appellant is not aggrieved by the court's ordering the bench warrant to be vacated/rescinded, he cannot appeal from that component of the order. **See Pierro v. Pierro**, 252 A.2d 652, 653 (Pa. 1969) (holding that an appeal "must be quashed[]" where the appellant was "not a party aggrieved by the order" because he was not "adversely affected" thereby).

Third, the order granted Appellant's counsel's petition to withdraw. We acknowledge that,

> Rule of Appellate Procedure 313 sets forth a narrow exception to the general rule that only final orders are subject to appellate review. **See Pugar v. Greco**, 483 Pa. 68, 72, 394 A.2d 542, 544 (1978) (stating rule of finality). Under this exception, an interlocutory order is considered "final" and immediately appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. **See Pugar**, 483 Pa. at 73, 394 A.2d at 545 (setting forth test for appealable collateral order); Pa.R.A.P. 313 (codifying collateral order exception). This third prong requires that the matter must effectively be unreviewable on appeal from final judgment. **See Commonwealth v. Johnson**, 550 Pa. 298, 302 n. 2, 705 A.2d 830, 832 n. 2 (1998) (citing **Coopers & Lybrand v. Livesay**, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)). **See also Commonwealth v. Myers**, 457 Pa. 317, 320, 322 A.2d 131, 133 (1974) (order is not immediately appealable if it cannot be said "that 'denial of immediate review would render impossible any review whatsoever of [the] individual's claim'" (quoting

>*United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580,
>1582, 29 L.Ed.2d 85 (1971))).

*Commonwealth v. Wells*, 719 A.2d 729, 730 (Pa. 1998) (footnotes omitted).

In *Wells*, our Supreme Court held that an order denying defense counsel's request to withdraw in a collateral review proceeding under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, is not immediately appealable under the collateral order doctrine. *Wells*, 719 A.2d at 731. Similarly, in *Commonwealth v. Johnson*, 705 A.2d 830, 834 (Pa. 1998), our Supreme Court held that a pretrial order disqualifying counsel in a criminal case is not immediately appealable as a collateral order. In both *Wells* and *Johnson*, the Court reasoned that the third prong of the collateral order test was not satisfied, because the appellant's right to counsel would not be irreparably lost if review of the order was postponed until final judgment. *See Johnson*, 705 A.2d at 834 ("[A]n order disqualifying counsel is reviewable after judgment of sentence. If a judgment is obtained and it is determined on appeal that the trial court improperly removed counsel, the right to counsel of choice is not lost. There will be a new trial and the defendant will have his counsel of choice."); *Wells*, 719 A.2d at 731 ("[S]ince Appellant's claimed right [to conflict-free counsel] would not be irreparably lost if review of the order were postponed until final judgment, the court's order denying the Petition to Withdraw is not appealable under the collateral order doctrine.").

The rationale expressed in **Wells** and **Johnson** applies in the present case. Even assuming that Appellant has a right to counsel in the contempt-related proceedings below, that right will not be irretrievably lost if he waits until a final judgment is rendered to file an appeal challenging the court's decision to grant court-appointed counsel's petition to withdraw. Accordingly, as in **Wells** and **Johnson**, the court's order granting counsel's petition to withdraw is not immediately appealable as a collateral order.

In sum, we conclude that no aspect of the trial court's November 14, 2014 order renders it final and appealable. Accordingly, we quash this appeal and remand to the trial court for further proceedings.

Appeal quashed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2015