J-A02009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NIKHIL S. GOKLANEY | |
| Appellant | No. 743 MDA 2015 |

Appeal from the Order Entered March 23, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0006369-2014

BEFORE:  PANELLA, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 03, 2016**

Appellant, Nikhil S. Goklaney, appeals *pro se* from the order entered March 23, 2015 in the Court of Common Pleas of Dauphin County. Because we conclude that the order is not final and/or appealable, we quash.

A detailed description of the facts and procedural history of this case is unnecessary to our disposition of Appellant's appeal. Appellant was charged with one count of harassment, 18 Pa.C.S.A. § 2709(a)(7). Appellant's court-appointed counsel, Valarie Potell, Esquire, filed a petition to withdraw as counsel for Appellant. Following a hearing, the trial court determined that Appellant was not financially eligible for legal representation from the Dauphin County Public Defender's Office and granted counsel permission to

_____

[*] Former Justice specially assigned to the Superior Court.

withdraw. The court's order, entered March 23, 2015, further barred Appellant from contacting the Dauphin County Public Defender's office and directed that he be excluded from entering the Dauphin County Clerk of Court's Office. The court directed that all future discovery requests were to be directed to the District Attorney's Office. Appellant filed a timely appeal.

For the reasons that follow, we *sua sponte* conclude that this order is not final and/or appealable. **See Commonwealth v. Baio**, 898 A.2d 1095, 1098 (Pa. Super. 2006) (stating that the appealability of an order implicates the jurisdiction of this Court and may be addressed *sua sponte*). Our Supreme Court has explained that this Court only has jurisdiction over appeals taken from final orders. **See Commonwealth v. Garcia**, 43 A.3d 470, 477 (Pa. 2012). Rule 341(b) of our Rules of Appellate Procedure defines a final order as any order that:

(1)   disposes of all claims and of all parties; or

(2)   is expressly defined as a final order by statute; or

(3)   is entered as a final order pursuant to subdivision (c) of this rule.

Here, the trial court's March 23, 2015 order did not dispose of all claims because Appellant's harassment charge has yet to be adjudicated. Therefore, that order is decidedly interlocutory. We acknowledge, however, that we may consider interlocutory appeals in certain circumstances. Pursuant to Pa.R.A.P. 313, an "appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P.

313(a). Rule 313 defines a collateral order as an order "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). "We construe the collateral order doctrine narrowly so as to avoid 'piecemeal determinations' and protracted litigation." **Commonwealth v. Blystone**, 119 A.3d 306, 312 (Pa. 2015) (some internal quotes and citation omitted).

As previously noted, the March 23, 2015 order accomplished three things. First, it granted Appellant's court-appointed counsel permission to withdraw her representation. Second, it prohibited Appellant from contacting the Dauphin County Public Defender's Office. Third, the order barred Appellant from entry to the Dauphin County Clerk of Court's Office. Assuming, *arguendo*, that the first two elements of the collateral order doctrine are met, Appellant's claim cannot satisfy the third element that the claim will be irreparably lost if review is postponed until final judgment. With respect to the third element, this Court has explained that

> [t]o satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost. An interest or issue must actually disappear due to the processes of trial.

**Commonwealth v. Sabula**, 46 A.3d 1287, 1293 (Pa. Super. 2012) (citation omitted).

Our Supreme Court has held that an order denying defense counsel's request to withdraw in a collateral proceeding is not immediately appealable under the collateral order doctrine. **See Commonwealth v. Wells**, 719 A.2d 729 (Pa. 1998). The Court reasoned that the third prong of the collateral order test was not satisfied "since Appellant's claimed right [to conflict-free counsel] would not be irreparably lost if review of the order were postponed until final judgment[.]" **Id**., at 731.

We find this rational applies equally to the present case. Appellant's claim that he has a right to court-appointed counsel will not be irretrievably lost if he waits until a final judgment is rendered on the harassment charge to file an appeal of the court's decision to grant counsel's petition to withdraw. Likewise, Appellant can wait until after a final judgment is rendered to challenge the court's decision to bar him from entering the clerk of court's office and from contacting the office of the public defender. Alternatively, should Appellant be acquitted of the harassment charge, his claims would be rendered moot. Since Appellant's claims would not be irretrievably lost if review of the order is postponed until final judgment, the March 23, 2015 order is not appealable under the collateral order doctrine. Therefore, Appellant's appeal is interlocutory and we lack jurisdiction.

Appeal quashed. Motion for appointment of counsel is denied. Motion for remand is denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2016