IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bruce A. Quarles, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 970 C.D. 2016 |
| | : | Submitted: January 13, 2017 |
| Gary Knapp, Mike Wenerowicz, | : | |
| and Dorina Varner | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: March 22, 2017

Bruce Quarles, an inmate at SCI-Graterford, appeals an order of the Court of Common Pleas of Montgomery County (trial court) that denied his motion to impose a sanction upon the Montgomery County Sheriff. Quarles' motion alleged that the Sheriff failed to inform Quarles that his complaint against three employees of the Department of Corrections had been served. Those employees request the Court to quash the appeal for lack of jurisdiction because Quarles has appealed an interlocutory order. We agree and quash the appeal.

On October 27, 2014, Quarles filed a civil rights action against Gary Knapp, Mike Wenerowicz, and Dorina Varner (Corrections Employees), all employees of the Department of Corrections at SCI-Graterford. Quarles alleged that Corrections Employees failed to adequately respond to a grievance he filed, in violation of his constitutional rights to equal protection and due process. Certified Record (C.R.), Complaint at 5-6. Quarles' complaint, however, was not served on Corrections Employees within the 30-day deadline under Rule 401(a) of the

Pennsylvania Rules of Civil Procedure.[1]  On December 3, 2014, Quarles filed a praecipe to reinstate the complaint.  On December 16, 2014, the Sheriff served the reinstated complaint on Corrections Employees, but he did not notify Quarles that service had been effected.  On January 28, 2015, Quarles filed a motion requesting the trial court to inquire why the Sheriff did not serve the complaint.[2]  Thereafter, the trial court directed Corrections Employees to show cause why Quarles was not entitled to the relief requested.  On March 11, 2015, Corrections Employees filed an answer to Quarles' complaint, approximately three months after it was served on them.

On March 20, 2015, Quarles filed a motion to impose a $2,500 monetary sanction on the Sheriff for failing to notify Quarles that the reinstated complaint had been served.  The motion alleged that on December 30, 2014, Quarles sent a letter to the Sheriff inquiring about the service of the complaint; the Sheriff never replied.  Quarles did not realize that Corrections Employees had been served until he received their answer to his complaint, which was 65 days late under the Rules of Civil Procedure.[3]  He argued that the Sheriff, by failing to notify

---

[1] Rule 401(a) provides that "[o]riginal process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint."  Pa. R.C.P. No. 401.  If service within the Commonwealth is not made within the 30-day timeframe, the prothonotary, upon praecipe and upon presentation of the original process, can reinstate the complaint.  Pa. R.C.P. No. 401(b)(1).  A reinstated complaint must be served within the 30-day timeframe prescribed by Rule 401(a).  Pa. R.C.P. No. 401(b)(4).

[2] On April 6, 2015, the trial court dismissed Quarles' motion to launch an inquiry as moot, finding that the service of the reinstated complaint had been timely made by the Sheriff. Certified Record, April 6, 2015, Order.

[3] Rule 1037(b) of the Pennsylvania Rules of Civil Procedure provides: "[t]he prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint...."  Pa. R.C.P. No. 1037(b).  Rule 1026(a) further provides that an answer to a complaint shall be filed within 20 days after service.  Pa. R.C.P. No.
**(Footnote continued on the next page . . .)**

2

him when the complaint was served, deprived him of an opportunity to move for a default judgment once the deadline for a timely answer had passed. Quarles further argued that the Sheriff violated his procedural due process rights to be "appropriately and promptly informed … of the date and time the Defendants were served ...." C.R., Motion for Sanctions at 1.

On October 20, 2015, the trial court denied Quarles' motion for sanctions. Quarles appealed. The trial court then ordered Quarles to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b). In response, Quarles stated:

> [Quarles] complains that since there are no procedural or other legal grounds that prohibit[] a granting of the punitive sanction relief he requested, and given that the [Corrections Employees] failed to demonstrate a just cause as to why said motion should be denied, that the [trial court judge] abused his discretion in denying the motion.

C.R., Quarles' Rule 1925(b) Statement at 1. On June 17, 2016, the trial court issued an opinion concluding that Quarles' appeal was interlocutory and should be quashed.

On appeal, Quarles argues that the trial court erred in denying his motion for sanctions against the Sheriff. He argues that Rule 405(g) of the Pennsylvania Rules of Civil Procedure obligated the Sheriff to notify him of the

---

**(continued . . .)**
1026(a). Here, Corrections Employees filed their answer on March 11, 2015, well beyond the 20-day timeframe under Rule 1026(a).

3

status of service of his complaint.[4]  Quarles asserts that the Sheriff's failure to comply with Rule 405(g) "irreparably harmed [him], inasmuch as that action deprived [him] of his right to have attempted to win his case by a default judgment."  Quarles' Brief at 7.  Corrections Employees respond that this Court lacks jurisdiction over this appeal because the order in question is not a final order.  However, even assuming this Court has jurisdiction, Corrections Employees argue that the trial court did not abuse its discretion in denying Quarles' motion for sanctions.

Initially, we consider whether the order at issue is appealable.  Rule 341(a) of the Pennsylvania Rules of Appellate Procedure states that "an appeal may be taken as of right from any final order of a government unit or trial court."  Pa. R.A.P. 341(a).  The purpose of limiting appellate review to final orders is "to prevent piecemeal determinations and the consequent protraction of litigation."  *Hionis v. Concord Township*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009).  Rule 341(b) of the Pennsylvania Rules of Appellate Procedure defines a final order as one that disposes of all claims and of all parties, or that is entered as a final order pursuant to Pa. R.A.P. 341(c).  Pa. R.A.P. 341(b).  Under Rule 341(c), the trial court "may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case."  Pa. R.A.P. 341(c).  Here, the trial court denied Quarles' motion for sanctions, but it has not yet rendered a final

---

[4] Rule 405(g) provides: "[t]he sheriff upon filing a return of service or of no service shall notify by ordinary mail the party requesting service to be made that service has or has not been made upon a named party."  Pa. R.C.P. No. 405(g).

4

adjudication on his underlying civil rights action. In other words, the order in question did not put Quarles "out of court" and, thus, is an interlocutory order.

An appellate court may, under certain circumstances, entertain an appeal from an interlocutory order taken either as a matter of right, Pa. R.A.P. 311, or by permission, Pa. R.A.P. 312, 1311. Additionally, Rule 313(a) of the Pennsylvania Rules of Appellate Procedure provides that an appeal may be taken as of right from a collateral order. Pa. R.A.P. 313(a). Here, the parties acknowledge that the order at issue is not an appealable interlocutory order under Rule 311; nor did Quarles petition for permission to appeal pursuant to Rules 312 and 1311. Thus, we must determine whether the order is an appealable collateral order.

A collateral order is appealable if all three of the following requirements are met: "[(1)] [the order is] separable from and collateral to the main cause of action[,] [(2)] the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b). The requirements for appealing a collateral order must be interpreted narrowly. "Narrow application prevents the collateral order rule from subsuming the fundamental general precept that only final orders are appealable and from causing litigation to be interrupted and delayed by piecemeal review of trial court decisions." *Township of Worcester v. Office of Open Records*, 129 A.3d 44, 55 (Pa. Cmwlth. 2016) (quoting *Brophy v. Philadelphia Gas Works & Philadelphia Facilities Management Corp.,* 921 A.2d 80, 87 (Pa. Cmwlth. 2007)).

In determining whether an order is separable from and collateral to the main cause of action, we examine "whether the issues appealed can be addressed

5

without analysis of the underlying claims on the merits." *Id*. When review of the order does not implicate or affect the merits of the underlying claim, it is separable from and collateral to the main cause of action.

As to the second prong, an issue is too important to be denied review "if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by the final judgment rule." *Geniviva v. Frisk*, 725 A.2d 1209, 1213 (Pa. 1999). "It is not sufficient that the issue be important to the particular parties. Rather[,] it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Id.* at 1214.

Finally, under the third prong of the collateral order doctrine, an order may be immediately appealed as a final order only if the question presented by the order is such that if review is postponed until final judgment, the claimed right will be irreparably lost. In other words, "the matter must effectively be unreviewable on appeal from final judgment." *Commonwealth v. Wells*, 719 A.2d 729, 730 (Pa. 1998).

Here, the trial court's order that denied Quarles' motion to impose a sanction on the Sheriff is separable from, and collateral to, the underlying civil rights action. However, Quarles' asserted right to be notified by the Sheriff of the status of service of his complaint is not a question that is "too important to be denied review." Quarles' motion is limited to the facts and circumstances of the litigation at hand and does not implicate a right that is "deeply rooted in public policy" so as to warrant immediate appellate review. Further, Quarles' proposed monetary sanction on the Sheriff will not be irreparably lost if review of the trial court's order is postponed until the trial court renders its final adjudication. If the

6

trial court rules in favor of Corrections Employees in the underlying civil rights action, Quarles can still challenge the trial court's denial of his motion for sanctions against the Sheriff in an appeal to this Court.

In summary, the trial court's order denying Quarles' motion to impose sanctions on the Sheriff is not a final appealable order, and Quarles has not satisfied the requirements for an appealable interlocutory order. Lacking jurisdiction, we quash the appeal.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce A. Quarles,                              :
               Appellant          :
                             :
           v.                               :   No. 970 C.D. 2016
                             :
Gary Knapp, Mike Wenerowicz,    :
and Dorina Varner                          :

## **O R D E R**

AND NOW, this 22nd day of March, 2017, the appeal filed by Bruce A. Quarles in the above-captioned matter is hereby QUASHED.

_____
MARY HANNAH LEAVITT, President Judge