J-S23011-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDREW D. SIKORA, | |
| Appellant | No. 954 WDA 2018 |

Appeal from the Order Entered June 8, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000630-2015

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDREW D. SIKORA, | |
| Appellant | No. 955 WDA 2018 |

Appeal from the Order Entered May 30, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000630-2015

BEFORE:   BENDER, P.J.E., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    FILED JUNE 18, 2019

In these consolidated cases, Andrew D. Sikora (Appellant), appeals pro

se from two orders entered by the trial court; a June 8, 2018 order that denied

_____

[*] Retired Senior Judge assigned to the Superior Court.

his "Motion to Discharge Court Appointed Counsel (George N. Daghir, Esq.)" (hereinafter "Motion to Discharge"), and a May 30, 2018 order that denied his pro se "Motion for Release/Return of Property Pursuant to Pa.R.Crim.P. 588" (hereinafter "Motion for Property"). After careful review, we dismiss Appellant's appeal from the order denying his Motion to Discharge (954 WDA 2018), and affirm the order denying his Motion for Property (955 WDA 2018).

We need not set forth the facts or procedural history of Appellant's underlying criminal convictions, as they are not pertinent to our disposition of his present appeals. We only note that on March 1, 2018, Appellant filed the Motion for Property, seeking the return of certain items (including a 59" flat-screen television and 4 cell phones) that he claimed police had seized during an ostensibly illegal stop and search of his vehicle. The Commonwealth complied with the trial court's order to file a response to the Motion for Property, explaining that it had been informed (presumably by the police) that no items had been taken from Appellant's vehicle. Thus, the Commonwealth insisted that it did not have possession of any of the items Appellant discussed in the Motion for Property, and it asked the court to deny that motion. On May 30, 2018, the court entered an order denying the Motion for Property. Appellant filed a timely, pro se notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. The court issued a Rule 1925(a) opinion on July 23, 2018.

Meanwhile, Appellant also filed with the trial court the Motion to Discharge. Therein, he asked the court to "discharge" an attorney who had

been appointed to represent him in litigating his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. That petition, filed on April 21, 2017, appears to still be pending before the trial court. The court denied Appellant's Motion to Discharge on June 8, 2018. Appellant filed a timely, pro se notice of appeal, and he also timely-filed a Rule 1925(b) statement. The court issued a Rule 1925(a) opinion on July 23, 2018.

On August 7, 2018, this Court sua sponte consolidated Appellant's two appeals. He thereafter filed a single brief, raising three issues for our review:

1) Did the police and the [Commonwealth] follow the proper practices, policies and procedures pursuant to arrest, property and the securing of a criminal defendants [sic] vehicle after arrest?

2) Are the police and [the Commonwealth] responsible for the property that was seized and possibly misplaced or stolen, after the police moved the vehicle to an un-secure [sic] location?

3) Did the police and [the Commonwealth] follow the proper[,] logical legal procedures during arrest when a vehicle is being left at the scene of a criminal defendant's arrest?

Appellant's Brief at 2.

Initially, we observe that Appellant presents two separate Argument sections in his appellate brief, one for each of his consolidated appeals. See id. at 7, 15. In neither of these Argument sections does Appellant set forth "in distinctive type or in type distinctively displayed[,] the particular point treated therein." Pa.R.A.P. 2119(a). Additionally, Appellant's first Argument section (which lists an incorrect docket number of 945 WDA 2018 that we presume refers to the case docketed at 954 WDA 2018) purports to address

- 3 -

the court's denial of his Motion to Discharge, yet Appellant offers no discussion of that motion therein. See Appellant's Brief at 7-8. Moreover, Appellant's second Argument section, purporting to address the court's order denying his Motion for Property, raises claims not presented in either of the motions at issue in these appeals. See id. at 15-18.

Even overlooking these briefing defects, we cannot ignore that the court's order denying Appellant's Motion to Discharge does not appear to be an appealable order. See Commonwealth v. Wells, 719 A.2d 729 (Pa. 1998) (concluding that an order denying a request to withdraw as counsel based on an alleged conflict of interest is not an appealable order). In any event, even if Appellant could properly appeal from that order, he fails to present any argument addressing the court's decision to deny that motion; indeed, he does not even mention that motion at any point in his initial brief, or in his reply brief. Accordingly, we dismiss Appellant's appeal from the court's June 8, 2018 order denying his Motion to Discharge, based on his failure to develop any meaningful argument in support of that appeal. See Commonwealth v. Hardy, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. ... [W]hen defects in a brief

impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Next, we assess Appellant's appeal from the order denying his Motion for Property. Preliminarily, we note:

> The standard of review applied in cases involving motions for the return of property is an abuse of discretion. In conducting our review, we bear in mind that it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered. It is not the duty of an appellate court to act as fact-finder, but to determine whether there is sufficient evidence in the record to support the facts as found by the trial court.
>
> Pennsylvania Rule of Criminal Procedure ("Pa.R.Crim.P.") 588 addresses motions for the return of property and reads as follows:
>
> Motion for Return of Property
>
>> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>>
>> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.
>
> Pa.R.Crim.P. 588(A) and (B).

Commonwealth v. Durham, 9 A.3d 641, 645 (Pa. Super. 2010) (cleaned up).

Here, in denying Appellant's Motion for Property, the trial court accepted the Commonwealth's claim that no property was ever seized from Appellant, explaining:

> The Commonwealth … did answer, under the penalty of perjury, … and denied having seized the items named in [Appellant's] Motion. The [c]ourt does not know what became of those items, of course, but obviously the Commonwealth cannot return property of which it never took possession. It thus was no[t] error for the [c]ourt to deny [Appellant's] Motion.

Trial Court Opinion, 7/23/18, at 1 (single page).

Appellant has not convinced us that the court erred or abused its discretion in this decision. In his Motion for Property, Appellant claimed that certain items were seized during the search of his vehicle, and that those items had been purchased by his girlfriend, Sherri Lilly. See Motion for Property, 3/16/18, at 1-2 (unnumbered). He asserted that, "Sherri Lilly has the original purchase receipt" for the items, yet he did not produce that receipt, nor an affidavit from Ms. Lilly stating that her lawfully owned property had indeed been seized by police. Id. at 2. Thus, there is nothing in the record to refute the Commonwealth's position that no property was ever seized by police. Moreover, on appeal, Appellant offers no argument regarding why the court erred in denying his Motion for Property, nor any citation to legal authority that would support such a position. Instead, he simply states the facts leading up to the purported seizure. See Appellant's Brief at 7-8. Accordingly, he has not demonstrated any abuse of discretion by the court in denying his Motion for Property on the basis that the Commonwealth does not possess the items sought by Appellant.

Alternatively, we also observe that Appellant admitted in the motion that his girlfriend owned the at-issue property, thereby disproving that "he … is entitled to lawful possession thereof[,]" as required by Rule 588(A). In any

case, Appellant also offered no proof (such as the receipt for the items) to demonstrate that they were lawfully possessed by his girlfriend. Accordingly, even aside from the Commonwealth's claim that it does not have the at-issue items, we would conclude that Appellant has failed to demonstrate his lawful possession thereof. On this alternative basis, we would affirm the order denying Appellant's Motion for Property.

Appeal at 954 WDA 2018 dismissed. Order appealed from at 955 WDA 2018 affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2019