J-S23030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                                      :
            v.                    :
                                      :
                                      :
AARON BELLMAN                 :
                                      :
              Appellant         :     No. 477 EDA 2021

Appeal from the Order Entered January 21, 2021,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0006857-2019.

BEFORE:    LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:       **FILED AUGUST 23, 2021**

Aaron Bellman appeals from the order denying his petition for writ of *habeas corpus* and dismissal or for nominal bail pursuant to Pa.R.Crim.P. 600. We quash the appeal as interlocutory.

Given our disposition, a detailed history of the case is unnecessary. In March 2019, Bellman was arrested and charged with various firearms offenses. On March 12, 2020, a judicial emergency was declared, suspending Pa.R.Crim.P. 600[1] due to the COVID 19 pandemic. On December 16, 2020, Bellman filed the subject petition arguing therein that he had been

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Rule 600 provides, in relevant part, that "[e]xcept in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of . . . 180 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(B)(1).

incarcerated for more than 180 days of non-excludable time under Rule 600, and requesting dismissal of the charges or release upon nominal bail. The trial court conducted a hearing on the petition and determined that there were only 146 days of non-excludable time prior to the date of the judicial emergency order and the suspension of Rule 600. Accordingly, the trial court denied Bellman's petition. Bellman filed a timely notice of appeal and both he and the trial court complied with Pa.R.A.P. 1925.

This Court then issued a rule to show cause why the appeal should not be quashed as interlocutory. Bellman responded by arguing that, although styled in the alternative as a petition for nominal bail, the petition argued that a speedy trial violation of Pa.R.Crim.P. 600 had occurred. Bellman acknowledges that, had his filing been a true petition for bail as contemplated under Pa.R.A.P. 1762(b), he would have been required to file a specialized petition for review in this Court, rather than a notice of appeal, as was filed herein. **See** Pa.R.A.P. 1610. Bellman further claims that his appeal of the denial of his petition for relief under Rule 600 warrants review by this Court under the collateral order exception to the finality rule under Pa.R.A.P. 313.

In a criminal case, a direct appeal properly lies from entry of the judgment of sentence. **See Commonwealth v. Pratt**, 930 A.2d 561, 562 n.1 (Pa. Super. 2007). An order denying a defendant's motion to dismiss for violation of Rule 600 is not immediately appealable. **See Commonwealth v. Johnson**, 705 A.2d 830, 833 (Pa. 1998).

Rule 313 provides that an appeal may be taken as of right from a collateral order of a trial court. ***See*** Pa.R.A.P. 313(a). Our Supreme Court has explained:

> Rule of Appellate Procedure 313 sets forth a narrow exception to the general rule that only final orders are subject to appellate review. Under this exception, an interlocutory order is considered "final" and immediately appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. This third prong requires that the matter must effectively be unreviewable on appeal from final judgment.

***Commonwealth v. Wells***, 719 A.2d 729, 730 (Pa. 1998).

Here, the order denying Rule 600 relief is not immediately appealable. ***See Johnson***, 705 A.2d at 833. Moreover, the order cannot be deemed collateral because it does not involve rights that would be irreparably lost. In the instant case, the trial court conducted a hearing on Bellman's claim that he was denied a speedy trial under Rule 600. ***See Commonwealth v. Johnson***, 705 A.2d 830, 833 (Pa. 1998) (holding that, "[a]s long as there has been a hearing in the court below on the speedy trial issue, the right to a speedy trial can be adequately protected in a review following trial"). Thus, because Bellman's right to a speedy trial can be adequately protected on review following trial, the order in question is not an appealable collateral order. ***See Commonwealth v. Myers***, 322 A.2d 131, 133 (Pa. 1974).

For these reasons, we conclude that Bellman has filed a notice of appeal from an unappealable, interlocutory order. Accordingly, we lack jurisdiction to consider the merits of his claim.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2021