J-S47007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM E. JONES | : | |
| | : | |
| Appellant | : | No. 2678 EDA 2023 |

Appeal from the Order Entered July 13, 2023
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004127-2016

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED APRIL 21, 2025**

William E. Jones ("Jones") appeals from an order denying, as premature, his attempts to raise claims of his former counsel's ineffective assistance during the litigation of his first petition and ancillary filings seeking relief under the Post Conviction Relief Act.[1]  We quash.

We summarize the convoluted procedural history of this matter.  After Jones pleaded guilty to receiving stolen property ("RSP") and possession with intent to deliver a controlled substance ("PWID"), the trial court, in September 2017, originally sentenced him to a term of three months to twenty-three months of imprisonment for RSP and a consecutive term of twenty-four months of probation for PWID.  Less than a month later, the trial court issued

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.  In his brief, Jones suggests that this Court reinstated his direct appeal rights from an August 2021 order revoking parole. **See** Jones's Br. at 9.  This suggestion misstates the procedural history of this matter, as set forth below.

a bench warrant, which it subsequently quashed after remanding Jones to county prison. In November 2017, the trial court revoked Jones's parole and ordered him to serve the balance of his RSP sentence.

The trial court re-paroled Jones in December 2017. Throughout 2018 and 2019, Jones continued to violate the terms of his parole and probation, and he was arrested on new charges. In October 2019, the trial court continued a hearing on the violations of parole and probation until the disposition of the new charges. In July 2021, Jones pleaded guilty to new charges and was sentenced ("the new convictions").[2] In August 2021, the trial court again revoked Jones's parole and ordered him to serve the balance of his RSP sentence, which, the court indicated, was nineteen months and eleven days.[3] Jones did not file a timely motion for reconsideration or a direct appeal from the revocation of parole.

In May 2022, Jones sent the trial court a *pro se* letter, which the court regarded as a PCRA petition. The court appointed PCRA counsel, C. Curtis Norcini, Esq. ("Attorney Norcini"), who, in November 2022, filed a petition to

_____

[2] It appears some of the new charges involved concealing the death of a child, abuse of a corpse, and criminal conspiracy, listed at No. 3657-2019, to which Jones pleaded guilty in July 2021 and was sentenced to four-and-one-half years to nine years of imprisonment. **See** No-Merit Ltr., 11/25/22, at 2. Although the record in this case refers to another case, No. 3582-2019, presumably involving other new charges to which Jones pleaded guilty in July 2021, the record before this Court contains no meaningful references to the convictions or sentences at issue in that case.

[3] The August 2021 order did not address the probationary sentence originally imposed in 2017 for PWID.

withdraw and a no-merit letter discussing Jones's challenges to the August 2021 revocation of parole and the new convictions at No. 3657-2019.[4]  In January 2023, Jones responded *pro se* and asserted Attorney Norcini's ineffective assistance of counsel.

The PCRA court subsequently ordered a hearing concerning "the agreed-upon terms of [Jones's] negotiated plea/sentence" for the new convictions to which he pleaded guilty in July 2021.  Order, 1/26/23, at 1.  The PCRA court thereafter continued the hearing several times and then entered a "stipulated order" in March 2023.  The stipulated order granted partial relief by directing the sentences for Jones's new convictions run concurrent to each other.  ***See*** Stipulated Order, 3/20/23, at 1.  A copy of the stipulation attached to the order indicated that the PCRA court had "not yet issued any rulings" on Attorney Norcini's no-merit letter and "[t]here [wa]s no other agreement regarding any of the other allegations addressed within [Jones's] *pro se* PCRA petition."  Stipulation, 3/20/23, at 2.

Jones continued to file *pro se* documents challenging the August 2021 revocation of parole, which included an April 2023 *pro se* "habeas corpus for illegal sentence" that asserted an illegal sentence due to the trial court's failure to specify whether Jones was eligible for a Recidivism Risk Reduction Incentive

---

[4] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

("RRRI") sentence.[5]  The PCRA court entered a new order regarding that filing as a PCRA petition and again appointing Attorney Norcini to represent Jones.

Additionally, in July 2023, Jones filed a *pro se* motion again alleging Attorney Norcini's ineffective assistance of counsel.  The PCRA court entered orders that (1) denied Jones's claims of Attorney Norcini's ineffective assistance of counsel as "premature," Order, 7/13/23, at 1 ("the July 13, 2023 order"), and (2) appointed new PCRA counsel, Charles Thomas, Esq. ("Attorney Thomas"), *see* Order, 7/21/23, at 1.[6]  Jones commenced this appeal by filing a *pro se* notice of appeal from the July 13, 2023 order.  The PCRA court ordered, and Jones, still acting *pro se*, filed, a Pa.R.A.P. 1925(b) statement.[7]

_____

[5] *See* 61 Pa.C.S.A. §§ 4501-4512.  Jones had also filed a separate *pro se* appeal of the stipulated order, which was docketed in this Court at 2473 EDA 2023.  That appeal was dismissed in December 2023 for failure to file a docketing statement.

[6] Although the PCRA court dated the order appointing Attorney Thomas as new PCRA counsel July 12, 2023, the order was not entered until July 21, 2023.  We note the PCRA court indicated that it withdrew Attorney Norcini's appearance and appointed Attorney Thomas because Attorney Norcini had "concluded his tenure as PCRA court-appointed conflict counsel for Chester County."  PCRA Ct. Statement, 2/20/24, at 2-3 (some capitalization omitted).

[7] In August 2023, Jones filed another *pro se* petition, this time requesting that he "be able to do the state drug program."  Pet. for Relief, 8/10/23, at 1.  The court regarded that filing as an untimely post sentence motion and denied relief on October 5, 2023.  *See* Order, 10/5/23, at 1 & n.1.  Jones filed a *pro se* notice of appeal from the October 5, 2023 order, but there is no indication that this Court received or docketed a separate appeal.

In January 2024, this Court initially dismissed this appeal for failure to file an appellant's brief but then reinstated the appeal and remanded the matter to the PCRA court to determine if counsel abandoned Jones. **See** Order, 2678 EDA 2023, 1/29/24, at 1.[8] The PCRA court found that second appointed PCRA counsel, Attorney Thomas, had not abandoned Jones, but the court thereafter appointed present counsel, Scott J. Werner, Jr., Esq. ("Attorney Werner"), to represent Jones in this appeal. **See** PCRA Ct. Statement, 2/20/24, at 3; Order 3/15/24, at 1.[9] In July 2024, this Court again remanded to the PCRA court to determine if Attorney Werner had abandoned Jones, **see** Order, 2678 EDA 2023, 7/1/24, at 1, and the PCRA court found that Attorney Werner had not abandoned Jones. This Court thereafter entered a new briefing schedule in this appeal.

Jones now raises the following issue for review:

> [Whether t]he court committed an error of law and abused its discretion for failing to make a statutorily required determination of [Jones]'s eligibility for a [RRRI] minimum sentence?

Jones's Br. at 7.

---

[8] This Court's January 29, 2024 order reinstating Jones's appeal was docketed in the trial court on February 2, 2024. We emphasize that this Court's order only reinstated Jones's appeal from the PCRA court's July 13, 2023 order and did not, as suggested by Jones, reinstate his direct appeal rights from the August 2021 order revoking parole. **See** Jones's Br. at 9.

[9] In an affidavit filed during this Court's remand, Attorney Thomas acknowledged he had taken no action on Jones's *pro se* filings in the PCRA court or in Jones's various *pro se* appeals. **See** Attorney Thomas's Aff., 2/14/24, unpaginated at 1-2. Attorney Thomas indicated that he believed his appointment had been "erroneous" because the stipulated order provided the relief Jones had sought. **Id**. at 2.

Before addressing this issue, we consider whether this Court has jurisdiction in this appeal. **See Commonwealth v. Baio**, 898 A.2d 1095, 1098 (Pa. Super. 2006) (holding that, because the question of appealability implicates the jurisdiction of this Court, the issue may be raised by this Court *sua sponte*). The general rule in Pennsylvania is that a party may appeal only from a final order. **See** 42 Pa.C.S.A. § 742; Pa.R.A.P. 341(a); Pa.R.Crim.P. 910. A final order is generally defined as any order that disposes of all claims and of all parties. **See** Pa.R.A.P. 341(b). The purpose of this rule is to prevent undue delay and avoid the disruption by piecemeal appellate review. **See Commonwealth v. Scott**, 578 A.2d 933, 941 (Pa. Super. 1990). An appellate court's standard of review for determining whether an order is final is *de novo*, and the scope of review is plenary. **See Commonwealth v. Scarborough**, 64 A.3d 602, 607 (Pa. 2013).

Following our review of the record, we conclude that the July 13, 2023 order from which Jones appealed *pro se* is not a final order.[10] The procedural history of this matter makes clear that the July 13, 2023 order intended to defer Jones's *pro se* claims of Attorney Norcini's ineffective assistance of PCRA counsel for consideration after Attorney Norcini completed his review of Jones's most recent PCRA claims, namely, whether the trial court's failure to determine Jones's RRRI eligibility when revoking parole resulted in an illegal

_____

[10] Additionally, this appeal from the July 13, 2023 order does not fall into any other category of a proper interlocutory appeal. **See** Pa.R.A.P. 311 (governing interlocutory appeals as of right), 312 (governing appeals of interlocutory orders by permission), 313 (governing collateral orders).

- 6 -

sentence. *See* Order, 7/13/23, at 1; *see also* PCRA Ct. Op., 10/4/23, at 4-5. Because the PCRA court had not decided Jones's substantive PCRA claim, the July 13, 2023 order did not resolve all issues. *See* Pa.R.A.P. 341(a)-(b); Pa.R.Crim.P. 910.

Our review of the record further compels the conclusion that the PCRA court has yet to enter a final order disposing of all claims raised in, and related to, this first PCRA proceeding, which commenced when Jones sent the May 2022 letter to the trial court that the court regarded as a PCRA petition. We acknowledge that the PCRA court may have intended to grant limited relief and dismiss Jones's remaining PCRA claims in Jones's letter, which Attorney Norcini addressed in a no-merit letter, as well as Jones's related *pro se* filings alleging Attorney Norcini's ineffective assistance of counsel. However, the court did not do so expressly in any of its written orders. *See* Stipulated Order, 3/20/23, at 1; Order, 1/26/23, at 1; *see also* Pa.R.Crim.P. 907(4) (requiring a final order disposing of a PCRA petition without a hearing advise the petitioner of the right to appeal). Moreover, to the extent the PCRA court believed the entry of the stipulated order resolved all issues raised in Jones's letter and Attorney Norcini's no-merit letter, such an interpretation would contradict the express language of the stipulation that there was no other agreement regarding any of the other claims raised by Jones. *See* Stipulation, 3/20/23, at 2.

In sum, in light of the terms of the stipulation and stipulated order, and the absence of any final order deciding all claims raised by Jones throughout

this first PCRA proceeding—including Jones's RRRI eligibility and Jones's claims of ineffective assistance of PCRA counsel, which he directed toward Attorney Norcini alone—we lack jurisdiction to consider the merits of the issue raised in Jones's brief. *See generally Commonwealth v. Wells*, 719 A.2d 729, 731 (Pa. 1998) (reiterating the importance of finality and preventing undue delay in PCRA proceedings).

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/21/2025