J-E01003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHANNON CHILUTTI AND KEITH CHILUTTI, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1023 EDA 2021 |
| UBER TECHNOLOGIES, INC., GEGEN LLC,  RAISER-PA, LLC, RAISER, LLC, SARAH'S CAR CARE, INC. MOHAMMED BASHEIR | : | |

Appeal from the Order Entered April 26, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 200900764

BEFORE:  BENDER, P.J.E., LAZARUS, J., OLSON, J., STABILE, J., DUBOW, J., NICHOLS, J., McLAUGHLIN, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 10, 2026**

This matter returns to us upon remand from the Supreme Court of Pennsylvania.  On January 21, 2026, the Supreme Court vacated this Court's July 19, 2023, *en banc* judgment and remanded the matter with instructions to quash the appeal.  The Court held that "the trial court's order granting Uber's petition to compel arbitration and staying court proceedings does not qualify as a collateral order."  **Chilutti v. Uber**, 349 A.3d 826 (Pa. 2026). Therefore, we quash the appeal.

This appeal arises out of a motor vehicle accident that occurred on March 20, 2019:

[Appellant] Shannon Chilutti, who uses a wheelchair for mobility assistance, used the Uber software application to obtain a ride home from a medical appointment. The driver of the vehicle that responded to her Uber request, [Appellee] Mohammed Basheir, secured Mrs. Chilutti's wheelchair using pre-positioned retractable hooks but failed to provide a seatbelt for Mrs. Chilutti, despite her request for one. While driving, [Appellee] Basheir allegedly made an aggressive left-hand turn, causing Mrs. Chilutti to fall out of her wheelchair and strike her head, rendering her unconscious. [Appellant] Keith Chilutti was riding in the vehicle and observed his wife fall and strike her head.

On September 17, 2020, [Appellants] filed a complaint seeking to recover for injuries sustained as a result of the March 20, 2019[,] incident. [Appellees] Raiser LLC, Raiser-PA LLC, Gegen LLC, and Uber Technologies, Inc.[1] [(collectively, Uber Appellees)], filed a petition to compel arbitration in which they argued the terms and conditions of the Uber application required [Appellants] to arbitrate their claims. Following extensive briefing by the parties, [the trial] court granted the petition to compel arbitration and stayed this matter as to [Uber Appellees on April 26, 2021].

Trial Court Opinion, 6/2/21, at 1-2 (citations and some capitalization omitted).

Appellants filed a timely appeal. On October 12, 2022, a three-judge panel of this Court published an opinion reversing the trial court's order granting Uber Appellees' motion to compel arbitration. *See Chilutti v. Uber Techs., Inc.*, 1023 EDA 2021, 2022 WL 6886984 (Pa. Super. 2022). Uber Appellees subsequently filed an application for reargument *en banc*. On December 27, 2022, this Court issued a *per curiam* order granting reargument and withdrawing the panel's October 12, 2022, decision.

---

[1] Gegen, LLC, Raiser-PA, LLC, and Raiser, LLC are wholly owned subsidiaries of Uber. *See* Uber Appellees' Substituted Brief at 4 n.1; *see also* Complaint at 2-3.

- 2 -

Appellants took the position that the trial court's April 26, 2021, order granting Uber Appellees motion to compel arbitration constituted an immediately appealable collateral order pursuant to Pa.R.A.P. 313, and that the trial court erred by granting the motion. A divided *en banc* panel of this Court concluded that the April 26, 2021, order was a collateral order, and proceeded to address the merits. Our Supreme Court granted the Uber Appellees' petition for allowance of appeal "to consider whether the Superior Court properly determined that a trial court order granting a petition to compel arbitration of ongoing litigation constitutes an immediately appealable collateral order.[2]" **Chilutti**, 349 A.3d at 828.

Pennsylvania Rule of Appellate Procedure 313 permits an appeal of a collateral order "where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment of the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). The Pennsylvania Supreme Court has previously stated:

> Rule of Appellate Procedure 313 sets forth a narrow exception to the general rule that only final orders are subject to appellate review. Under this exception, an interlocutory appeal is considered "final" and immediately appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

---

[2] Our Supreme Court granted allowance of appeal on three issues. However, as the third issue, *i.e.*, appealability of the order, was dispositive, it did not address the remaining issues.

This third prong requires that the matter must effectively be unreviewable on appeal from final judgment.

**Commonwealth v. Wells**, 719 A.2d 729, 730 (Pa. 1998) (citations omitted).

Whether the trial court's order constitutes a collateral order presents a question of law; therefore, our standard of review is *de novo*, and our scope of review is plenary. **J.C.D. v. A.L.R.**, 303 A.3d 425, 429 (Pa. 2023).

The focus of this appeal is on the third prong – whether the claim will be irreparably lost if review is postponed until final judgment. The Supreme Court disagreed with our *en banc* decision that concluded "the propriety of the order granting Uber's petition to compel arbitration will be effectively unreviewable on appeal after the trial court enters a final judgment." **Chilutti**, 349 A.3d at 832. Instead, the Court reversed our decision and concluded that the appealed order did not qualify as a collateral order, and directed that the appeal be quashed. It explained:

> If [Appellants] are later aggrieved by the final judgment that the trial court enters after the matter is returned to that court following arbitration, then [Appellants] can appeal that judgment to the Superior Court. In that appeal, [Appellants] also can challenge, among other things, the trial court's April 26, 2021, order that is the subject of this appeal. **See, e.g., Betz v. Pneumo Abex, LLC**, [44 A.3d 27, 54, (Pa. 2012)] (stating that "an appeal of a final order subsumes challenges to previous interlocutory decisions"). Whether the trial court erred by granting Uber's petition to compel arbitration presents a question of law. Consequently, should [Appellants] appeal from the trial court's final judgment and challenge the trial court's order compelling arbitration, the Superior Court's standard of review would be *de novo*, not the standard for judicial review of an arbitration award. **See, e.g., Santiago v. Philly Trampoline Park, LLC.**, [343 A.3d 995, 1003 (Pa. 2025)] (explaining that enforceability of an arbitration agreement presents question of

law, "over which our standard of review is de novo and the scope of review is plenary").

***Chilutti***, 349 A.3d at 833.

Thus, pursuant to our Supreme Court's directive, we quash the appeal because the April 26, 2021, order does not constitute a collateral order.

Appeal quashed.

Judge McCaffery did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/10/2026