J-S08018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TODD MEQUIM ANDERSON | : | |
| | : | |
| Appellant | : | No. 808 WDA 2019 |

Appeal from the Order Entered April 3, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000802-2017

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.: **FILED MARCH 10, 2020**

Todd Mequim Anderson (Appellant) appeals, *pro se*, from the order[1] entered in the Clearfield County Court of Common Pleas granting the petition to withdraw filed by Appellant's post-conviction counsel. Because we conclude the order on appeal is interlocutory, we quash this appeal.

On December 7, 2017, Appellant entered an open guilty plea to four counts of possession with intent to deliver controlled substances (cocaine),[2] and related offenses. On March 5, 2018, the trial court sentenced him to an aggregate term of eight to 16 years' imprisonment. Appellant did not file a direct appeal.

---

[1] We have amended the caption to reflect that the notice of appeal was filed from the PCRA court's April 3, 2019, Order. **See** Notice of Appeal, 5/31/19.

[2] 35 P.S. § 780-113(a)(30).

Rather, on July 25, 2018, Appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act (PCRA),[3] raising numerous allegations concerning the ineffective assistance of plea counsel. Counsel was appointed, and on February 28, 2019, filed a petition to withdraw and **Turner**/**Finley**[4] no-merit letter. By order entered April 3, 2019, the PCRA court granted counsel's petition to withdraw.

Thereafter, on April 17, 2019, Appellant filed a *pro se* objection to the April 3rd order, challenging the propriety of counsel's no-merit letter, as well as the PCRA court's failure to issue notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. The PCRA court then issued Rule 907 notice on April 25, 2019. However, before the PCRA court entered an order dismissing Appellant's petition, Appellant filed a notice of appeal from the April 3, 2019, order.[5] Subsequently, on September 11, 2019, the PCRA court entered an

---

[3] 42 Pa.C.S. §§ 9541-9546.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] We note the notice of appeal was docketed on May 31, 2019, more than 30 days after entry of the court's April 3rd order. Docket No. CP-17-CR-0000802-2017, 5/31/19. **See** Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days after entry of order on appeal). However, the certified record includes a letter from the Deputy Prothonotary of Clearfield County to this Court, which stated that, when the notice of appeal was first received in the PCRA court, Appellant did not include the filing fee or request permission to proceed *in forma pauperis* (IFP). **See** Letter, 11/8/19. The Clearfield County Deputy Prothonotary attached a copy of a letter the PCRA court sent to Appellant notifying him that it could not process his notice of appeal "received . . . on

order dismissing Appellant's PCRA petition.[6]

On appeal, Appellant challenges both the dismissal of the claims raised in his PCRA petition, as well as the PCRA court's grant of counsel's petition to withdraw. However, because Appellant filed an appeal prematurely from an interlocutory order, we are constrained to quash this appeal. ***See Commonwealth v. Tchirkow***, 160 A.3d 798, 803 (Pa. Super. 2017) (appellate court can consider appealabilty of order *sua sponte* because it "directly implicates the jurisdiction of the court") (citation omitted).

The Pennsylvania Rules of Appellate Procedure provide, in relevant part:

> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

***Tchirkow***, 160 A.3d at 803 (citation omitted).

---

May 1, 2019" until he paid the required fee or submitted IFP paperwork. Letter from Clearfield County to Appellant, 5/6/19.

It is well-established that "[t]he clerk of courts . . . lacks the authority to reject, as defective, a timely notice of appeal." ***Commonwealth v. Williams***, 106 A.3d 583, 588 (Pa. 2014). Indeed, Pennsylvania Rule of Appellate Procedure 905 provides that "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken[.]" Pa.R.A.P. 905(a)(3). Therefore, in the present case, we conclude Appellant filed a timely notice of appeal on May 1, 2019, from the court's April 3, 2019, order.

[6] The docket indicates the September 11, 2019, order was "misplaced." Docket No. CP-17-CR-0000802-2017, at 9/11/19. Thus, a substitute order was entered on November 7, 2019.

Here, Appellant filed a notice of appeal from the PCRA court's April 3, 2019, order which granted counsel's petition to withdraw. Clearly, that order is not a final order since, at the time it was filed, Appellant's PCRA petition was still outstanding. *See* Pa.R.A.P. 341(b) (final order is any order that: "disposes of all claim and of all parties" or in entered as final order under subsection (c)). Furthermore, the April 3rd order is not an interlocutory order which may be appealed as of right pursuant to Pa.R.A.P. 311, or one from which this Court granted permission to appeal pursuant to Pa.R.A.P. 312 and 1311.

Thus, Appellant may proceed with this appeal only if we determine the PCRA court's April 3rd order was a collateral order. Pursuant to Rule 313, an aggrieved party may file an appeal from a collateral order as of right. Pa.R.A.P. 313(a). The Rule defines a collateral order as:

> an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b).

We conclude the PCRA court's order granting counsel's petition to withdraw is not an appealable collateral order. In ***Commonwealth v. Wells***, 719 A.2d 729 (Pa. 1998), the Pennsylvania Supreme Court held that an order **denying** PCRA counsel's request to withdraw, based on a purported conflict of interest, did **not** qualify as a immediately appealable collateral order because the claim would not be irreparably lost if denied review. The Court

opined:

> Appellant's claim that he is entitled to "conflict-free" PCRA counsel will not be irreparably lost if the order denying the Petition to Withdraw is not reviewed at this time. Since Appellant has a right of appeal if the PCRA court denies his petition, the order denying the Petition to Withdraw, and consequently the merits of the conflict issue, can be reviewed if or when Appellant files an appeal from the court's PCRA decision. If it is determined that the PCRA court improperly failed to remove PCRA counsel due to a conflict of interest, any right to conflict-free PCRA counsel is not lost since the defendant may be granted a new PCRA hearing and new counsel. Thus, since Appellant's claimed right would not be irreparably lost if review of the order were postponed until final judgment, the court's order denying the Petition to Withdraw is not appealable under the collateral order doctrine.

*Id.* at 731 (footnotes omitted).

Although *Wells* reviewed an order denying counsel's petition to withdraw, the same analysis applies to an order **granting** counsel's petition to withdraw. Accordingly, we are constrained to quash this appeal.

Furthermore, we note that **after** Appellant filed the notice of appeal from the April 3rd order, the PCRA court entered an order dismissing Appellant's petition.[7] However, the PCRA court had no jurisdiction to enter that order once Appellant filed a notice of appeal. Pursuant to Pennsylvania Rule of Appellate Procedure 1701, "after an appeal is taken . . . the [PCRA] court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a).

---

[7] As noted *supra*, the PCRA court initially entered dismissal order on September 11, 2019, but later entered a substitute order on November 7, 2019, when the September order was misplaced. In either case, any appeal filed by Appellant now would be outside the 30-day appeal period. *See* Pa.R.A.P. 903.

Accordingly, because we conclude the order on appeal is interlocutory and unappealable, we quash this appeal. Moreover, we vacate the court's September 11, 2019, and November 7, 2019, orders purporting to dismiss Appellant's PCRA petition. Upon remand, we direct the PCRA court to reissue Appellant Rule 907 notice of its intent to dismiss the PCRA petition, so that Appellant may have the opportunity to file a timely response.

Appeal quashed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2020